HOWARD, APPELLANT, *v.* STATE FARM INS. CO., APPELLEE.

[Cite as Howard v. State Farm Ins. (1978),
61 Ohio App. 2d 198.]

(No. 2558—Decided December 20, 1978.)

*Mr. John C. Berryhill,* for appellant.

*Mr. J. Gilbert Reese,* and *Mr. Christopher R. Meyer,* for appellee.

RUTHERFORD, P. J. This is an appeal from a judgment entry of the Common Pleas Court of Licking County which reads:

"Martha Howard, plaintiff, in the present case is a white female formerly employed by the State Farm Insurance Company, defendant, at the latter's facility at 1400 Granville Road, Newark, Ohio, from August 30, 1971 until January 17,

1977. On the latter date, plaintiff maintains that she was terminated from her employment with the defendant by her black supervisor because of alleged excessive absences, but that a black female, similarly situated but with more absences than Plaintiff, was not terminated. Plaintiff alleges that she was ultimately discharged because of her race and color in violation of Ohio Revised Code, Section 4112.02.

"On February 18, 1977, plaintiff filed an action with the Ohio Civil Rights Commission because of the alleged unlawful discriminatory employment practices. In a 'Notice of Commission Determination' dated July 8, 1977, the Commission made a finding that 'it is probable that unlawful discriminatory practices have been or are being engaged in by Respondent (Defendant in the present case) in violation of Chapter 4112, Ohio Revised Code.'

"Thereafter, a 'Conciliation Agreement and Consent Order' was drawn up by the Ohio Civil Rights Commission, and signed by the defendant, State Farm Insurance Company. The order provides in part that:

"(A) Respondent (Defendant in the present case) shall expunge from Complainant's personnel file all information leading to and inclusive of Complainant's termination on January 17, 1977.

"(B) Respondent (Defendant in this present case) shall pay to Complainant a net payment of $1,208.74 representing net wages had Complainant been employed through July 29, 1977, less $2,054.00 received by Respondent in unemployment.

"(C) *Method of Payment:*

"Payment of above amount shall be by check to complainant and tendered to the Southeast Regional Office of the Ohio Civil Rights Commission, 200 South Parsons Avenue, Room 100, Columbus, Ohio 43215, for delivery.

"This Order was rejected by plaintiff as being 'arbitrary, capricious, and without support, in fact contrary to law.' Subsequently, plaintiff filed the present civil action with this Court seeking $20,000.00 compensatory damages and $30,000.00 punitive damages, and further that the Commission's determination be set aside, that plaintiff's files of employment reflect that she was wrongfully discharged, and for reasonable attorney's fees and costs.

"Subsequently, the defendant filed a motion to dismiss pursuant to Civil Rule 12 (B) (6) and 12 (B) (7), i.e. for failure to state a claim upon which relief can be granted and for failure to join a party indispensable to this action, respectively.

"The issue before the Court at this time is whether or not the plaintiff has a private cause of action for employment discrimination, separate from the provisions of Chapter 4112 of the Ohio Revised Code.

"We note at the outset that prior to the enactment of Chapter 4112, there was no common law cause of action for employment discrimination in Ohio. The right which plaintiff asserts in the case at bar is solely the creature of statute. Consequently, there exists no common law remedy for violations of the statute unless expressly provided for therein.

"In reviewing said statute, this Court can find no provision establishing a civil remedy such as plaintiff asserts in the present case. On the contrary, the Ohio General Assembly has seen fit to limit this Court's function to that of reviewing *final* orders of the Ohio Civil Rights Commission. See Ohio Revised Code Section 4112.06.

"It is, therefore, the finding of this Court that Chapter 4112 of the Ohio Revised Code is the sole legal remedy under Ohio law for a person alleging unlawful employment discrimination.

"Plaintiff's complaint is hereby dismissed pursuant to Civil Rule 12 (B) (6) for failure to state a claim upon which relief can be granted. * * *"

In the complaint filed in the instant action, independent of proceedings before the Commission, plaintiff Martha Carol Howard, the appellant herein, has set forth three causes of action:

1. claiming entitlement to monetary damages for mental suffering, harm to reputation, and impairment of future employment potential because of wrongful termination of her employment for reason of race and color in that she was allegedly discharged for excessive absenteeism when a black female, who, allegedly was similarly situated and had a greater record of absenteeism was not also discharged;

2. claiming entitlement to monetary damages for mental suffering, harm to reputation, and impairment of her future

earning potential as a result of a violation of her rights as set forth in R. C. 4112.02; and

3. alleging the previous filing of a petition with the Ohio Civil Rights Commission with the following allegations: that she was unlawfully discriminated against in employment by State Farm Insurance Company; that the Civil Rights Commission determined that there was probable cause to believe that unlawful practices by defendant "have been or are being engaged in"; that the conciliation agreement and consent order were unreasonably sought and, upon the refusal of plaintiff to consent thereto, she was told no hearing would be held.

The court was asked to rule that the settlement offer agreed to by the Commission and employer but rejected by the employee was arbitrary, capricious, without support and in fact contrary to law and plaintiff prayed for a judgment against defendant in the amount of $20,000 compensatory damages, $30,000 punitive damages and an order that plaintiff's employment file reflect that she was unlawfully discharged.

R. C. 4112.02, in pertinent part, provides:

"It shall be an unlawful discriminatory practice: (A) For any employer, because of the race, color, religion, sex, national origin, handicap, or ancestry of any person, to refuse to hire or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

R. C. 4112.03 creates the Ohio Civil Rights Commission. R. C. 4112.04 empowers the Civil Rights Commission to hold hearings and affords the Commission all necessary procedural power to protect the rights of the parties with respect to such a hearing.

With respect to conciliation, R. C. 4112.05, in pertinent part, provides:

"(A) The Ohio civil rights commission shall, as provided in this section, prevent any person from engaging in unlawful discriminatory practices, as defined in sections 4112.02 and

4112.021 (4112.02.1) of the Revised Code, provided that before instituting the formal hearing authorized by this section it shall attempt, by informal methods of persuasion and conciliation, to induce compliance with Chapter 4112. of the Revised Code."

If conciliation is not accomplished, such section further provides:

"(F) The testimony taken at the hearing shall be under oath and shall be reduced to writing and filed with the commission. * * *

"(G) If upon all reliable, probative, and substantial evidence the commission determines that the respondent has engaged in, or is engaged in, any unlawful discriminatory practice, whether against the complainant or others, the commission shall state its findings of fact and conclusions of law, and shall issue and, subject to the provisions of Chapter 119. of the Revised Code, cause to be served on such respondent an order requiring such respondent to cease and desist from such unlawful discriminatory practice and to take such further affirmative or other action as will effectuate the purposes of sections 4112.01 to 4112.08 of the Revised Code, including, but not limited to, hiring, reinstatement, or upgrading of employees with, or without back pay, admission or restoration to union membership, including a requirement for reports of the manner of compliance. If the commission directs payment of back pay, it shall make allowance for interim earnings. * * *

"(H) If the commission finds that no probable cause exists for crediting the charges, or, if upon all the evidence, the commission finds that a respondent has not engaged in any unlawful discriminatory practice against the complainant or others, it shall state its findings of fact and shall issue and cause to be served on the complainant an order dismissing the said complaint as to such respondent. A copy of the order shall be delivered in all cases to the attorney general and such other public officers as the commission deems proper.

"(I) Until a transcript of the record in a case is filed in a court as provided in section 4112.06 of the Revised Code, the commission may, subject to the provisions of Chapter 119. of the Revised Code, at any time, upon reasonable notice, and in

such manner as it deems proper, modify or set aside in whole or in part, any finding or order made by it."

We have, on the one hand, a case where plaintiff's statutory remedy has never been pursued to completion and, on the other hand, the issue of whether a violation of the provisions of R. C. 4112.02 by an employer gives rise to a civil action for damages.

By analogy we look at R. C. 4101.17 (A), which provides:

"No employer shall refuse opportunity of interview for employment of applicants or discharge without just cause any employee between the ages of forty and sixty-five who is physically able to perform the duties and otherwise meet the established requirements of the industry and laws pertaining to the relationship between employer and employee."

With respect to the above cited section, the syllabus of *Fawcett* v. *G. C. Murphy Co.* (1976), 46 Ohio St. 2d 245, reads:

"Violation of the provisions of R. C. 4101.17 by an employer does not give rise to a civil action for damages."

With respect to R. C. 4101.17, no express civil remedy is provided in R. C. Chapter 4101, and the Ohio Supreme Court found no civil remedy provided by implication. It stated, at page 249, that it cannot be concluded that the General Assembly by "clear implication" intended to create a civil action for damages for the breach of such statute.

In the instant case, a remedy including reinstatement of rights and back pay, etc., is the expressly provided remedy in R. C. Chapter 4112, and it cannot be concluded that the General Assembly by "clear implication" intended to create an independent civil action for damages for the breach of R. C. 4112.02. Such a remedy did not exist in common law and we do not read such into R. C. Chapter 4112.

R. C. 4112.06 provides for an appeal to the Common Pleas Court by any complainant or respondent claiming to be aggrieved by a final order of the Commission, a point not appearing from the record to have been reached before the Commission in the instant case, the only finding, it appears, being one of probable cause as distinguished from a determination, based upon reliable, probative and substantial evidence, of whether the act prohibited was in fact committed.

R. C. 4112.05 with respect to the Commission, in pertinent part provides:

"(B) ***If it determines after such investigation that it is *probable* that unlawful discriminatory practices have been or are being engaged in, it shall endeavor to eliminate such practices by informal methods of conference, conciliation, and persuasion. Nothing said or done during such endeavors shall be disclosed by any member of the commission or its staff or be used as evidence in any subsequent proceeding. ***" (Emphasis added.)

On the other hand it is provided in (G) of such section:

"If upon all reliable, probative and substantial evidence the commission determines that the respondent *has engaged in, or is engaged in,* any unlawful discriminatory practice, whether against the complaintant or others, the commission shall state its findings of fact and conclusions of law,***." (Emphasis added.)

For the reasons set forth herein, the claim that the court erred in sustaining the motion to dismiss plaintiff's action for a failure to state a claim upon which relief can be granted is overruled and the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

PUTMAN and DOWD, JJ., concur.