SOUTH, APPELLANT, *v.* TOLEDO EDISON COMPANY, APPELLEE.

(No. L-85-083 — Decided March 21, 1986.)

*Francis J. Landry,* for appellant.
*Stephen J. Stanford* and *John J. McHugh III,* for appellee.

HANDWORK, J.  This appeal arises from a judgment of the Lucas County Court of Common Pleas wherein the trial court dismissed appellant's complaint against appellee, pursuant to the latter's motion for involuntary dismissal. The pertinent facts may be summarized as follows.

Ruth N. South, appellant herein, was employed by appellee Toledo Edison Company from October 7, 1967 until June 7, 1983. She began her employment in a union position as a secretary-stenographer, but relinquished that position on August 27, 1979, to assume the non-union position of executive secretary to the vice president in charge of the nuclear mission. Appellant served in that position until May 31, 1983, at which time she was advised that she would be removed from that position, due to alleged breaches of confidentiality and other irregularities in her job performance.

On June 3, 1983, appellant attended a meeting with the vice president, and two other company employees. The vice president informed her that she could no longer serve as his executive secretary, and appellant was then offered three choices: resignation, inactive status with early retirement, or termination. She was asked to communicate her decision by June 6, 1983, but was granted an extension un-

til June 7, 1983. On that date, appellant presented a letter wherein she expressly rejected early retirement and resignation, and she further stated that she still considered herself employed as executive secretary to the vice president. Appellant was then informed that, because she had expressly rejected early retirement and resignation, she would be terminated as of that date. Appellant requested time to reconsider and to consult with her attorney, and appellee granted her request.

There then ensued an exchange of correspondence between counsel for the parties. On June 30, 1983, appellee orally offered appellant employment in another clerical position, and later confirmed that offer in letters dated July 6, 1983 and July 14, 1983. Appellant failed to respond to the latter, prompting appellee to extend a final offer in a letter dated July 27, 1983. Appellant was instructed to respond no later than August 5, 1983. She never responded, but on August 11, 1983, withdrew all funds from her share of the company's savings incentive plan.

Two months later, appellant filed the suit below, seeking relief based on three different claims: (1) unlawful age discrimination in violation of R.C. 4101.17; (2) breach of an implied employment contract; and (3) tortious wrongful discharge. She sought, *inter alia,* lost wages, lost benefits, reinstatement, and compensatory and punitive damages. She also demanded a trial by jury.

On May 3, 1984, the trial court dismissed appellant's third claim, that of tortious wrongful discharge. On September 28, 1984, the trial court ordered stricken certain portions of appellant's prayer for compensatory and punitive damages under her discrimination claim. On October 26, 1984, the trial court granted appellee summary judgment on appellant's second claim,

that of breach of contract. Consequently, the only claim remaining for trial was the age-discrimination claim.

On February 1, 1985, the trial court granted appellee's motion to strike the jury demand, and the case was then tried to the court. At the close of appellant's case, appellee moved for involuntary dismissal pursuant to Civ. R. 41(B)(2). The motion was denied, and appellee presented its defense. At the close of all evidence, appellee renewed its motion.

The trial court rendered its decision and entered judgment thereon on February 6, 1985. Therein, the trial court held that appellant had failed to prove her age-discrimination claim, and dismissed her complaint with prejudice.

This appeal followed, and appellant has set forth the following seven assignments of error:

"I. The common pleas court erred when it granted defendant-appellee's motion to strike [the] jury demand on plaintiff-appellant's claim brought pursuant to R.C. 4101.17(B).

"II. The common pleas court erred when it granted defendant's motion to strike plaintiff's claims for general compensatory and punitive damages.

"III. The common pleas court erred in granting defendant-appellee's motion for involuntary dismissal under Civil Rule 41(B)(2) after the conclusion of trial as said order was based on an erroneous finding that plaintiff-appellant was not discharged and an erroneous ruling granting admission into evidence of offers to compromise.

"IV. The common pleas court erred in granting defendant-appellee's motion for involuntary dismissal under Civil Rule 41(B)(2) after the conclusion of trial as the common pleas court applied an improper standard to allocate the burden of proof under R.C. 4101.17(B).

"V. The common pleas court erroneously found that the defendant-appellee justified its decision with a non-discriminatory reason and that plaintiff-appellant failed to prove that her employer's action was a mere pretext.

"VI. The common pleas court erred in granting defendant-appellant's [sic] motion to dismiss plaintiff-appellant's third claim for relief alleging wrongful discharge based on tort theory.

"VII. The common pleas court erred in granting defendant-appellee's motion for summary judgment on plaintiff-appellant's second claim for relief based on contractual theory."

In support of her first assignment of error, appellant argues that she was entitled to a trial by jury and that it was error for the trial court to deny her the same. We do not agree.

R.C. 4101.17(B) sets forth the remedies available to a prevailing party wrongfully discharged because of age, to wit:

"(B) Any person between the ages of forty and seventy discriminated against in any job opening or discharged without just cause by an employer * * * may institute a civil action against the employer in a court of competent jurisdiction. If the court finds that an employer has discriminated on the basis of age, the court shall order an appropriate remedy which shall include reimbursement to him for the costs, including reasonable attorney fees, of the action, or to reinstate the employee in his former position with compensation for lost wages and any lost fringe benefits from the date of the illegal discharge and to reimburse him for the costs, including reasonable attorney fees, of the action. * * *"

The Ohio Constitution preserves the right to a jury trial only in those civil actions where the right existed prior to the adoption of Section 5, Article I of the Ohio Constitution. *Belding v. State, ex rel. Heifner* (1929), 121 Ohio St. 393, 169 N.E. 301, paragraph one of the syllabus. See, also, *McIntyre v. Northern Ohio Properties* (1979), 64 Ohio App. 2d 179, 185, 18 O.O. 3d 139, 144, 412 N.E. 2d 434, 438. Where a statute sets forth a new civil right, the legislature may grant a concomitant right to jury trial, but need not do so. *Raine v. Curry* (1975), 45 Ohio App. 2d 155, 162, 74 O.O. 2d 171, 175, 341 N.E. 2d 606, 611.

R.C. 4101.17(B) does not provide for a trial by jury in actions brought pursuant to that statute. Rather, the statute provides that a trial court "shall order an appropriate remedy * * *," and then enumerates the specific relief afforded to a litigant. Such relief does not include a jury trial and appellant therefore had no statutory right to the same. Nor was any such relief available at common law. Cf. *Howard v. State Farm Ins. Co.* (1978), 61 Ohio App. 2d 198, 203, 15 O.O. 3d 317, 320, 401 N.E. 2d 462, 466. Cf., also, *Brunecz v. Houdaille Industries, Inc.* (1983), 13 Ohio App. 3d 106, 107, 13 OBR 123, 125, 468 N.E. 2d 370, 372.

We determine, therefore, that appellant was not entitled to a jury trial, and the trial court did not err in striking her jury demand. Accordingly, we find appellant's first assignment of error to be not well-taken.

Appellant's second assignment of error is that the trial court should not have ordered stricken, from her complaint, appellant's claims for general compensatory and punitive damages. She contends that, because the statute does not explicitly exclude such relief, the same should be recoverable.

This is a question of first impression in Ohio. We must therefore construe not only the statute, but related decisions as well, to ascertain the

legislature's intent concerning such damages.

R.C. 4101.17 was first enacted in 1961 (129 Ohio Laws 1803) and originally stated:

"No employer shall refuse opportunity of interview for employment of applicants or discharge without just cause any employee[s] between the ages of forty and sixty-five who are physically able to perform the duties and otherwise meet the established requirements of the industry and laws pertaining to the relationship between employer and employee."

The statute did not, as originally enacted, include within its terms a remedy for its violation.

The Ohio Supreme Court, in *Fawcett* v. *G. C. Murphy & Co.* (1976), 46 Ohio St. 2d 245, 75 O.O. 2d 291, 348 N.E. 2d 144, syllabus, thereafter held that "[v]iolation of the provisions of R.C. 4101.17 by an employer does not give rise to a civil action for damages." Instead, the court ruled, the Department of Industrial Relations was vested with the authority to enforce the statute. *Id.* at 248, 75 O.O. 2d at 293, 348 N.E. 2d at 147.

In 1979, the legislature superseded the ruling in *Fawcett* by enacting House Bills 598 (137 Ohio Laws, Part II, 3062, effective Jan. 4, 1979) and 230 (138 Ohio Laws, Part I, 2268, effective Nov. 13, 1979). The former bill created a private cause of action for violations of R.C. 4101.17. The latter bill incorporated age-based discrimination into the general anti-discrimination legislation [R.C. 4112.02(A)] and also created two additional remedies, one administrative [R.C. 4112.05] and one judicial [R.C. 4112.02(N)]. The legislature further specified that an aggrieved party must elect from the available remedies. See *id.* In the case *sub judice,* for instance, appellant elected to proceed under the authority of R.C. 4101.17, as opposed to R.C. 4112.05 or R.C. 4112.02(N).

The legislature, in enacting amendments to existing statutory law, is presumed to be cognizant of prior judicial construction of that law. *State, ex rel. Cty. Bd. of Edn.,* v. *Howard* (1957), 167 Ohio St. 93, 96, 4 O.O. 2d 83, 84, 146 N.E. 2d 604, 607. At the time of the 1979 amendments, the legislature was therefore presumably cognizant of the Ohio Supreme Court's decision in *Fawcett* that there was no common-law cause of action for age-based employment discrimination. *Fawcett, supra.* Hence, *Fawcett* dictated any remedy for such discrimination had to be statutory in form. Further, the legislature was presumably cognizant of the fact that the provision of a statutory remedy would be construed to exclude all others. See *Howard* v. *State Farm Ins. Co., supra.* And finally, the legislature was presumably cognizant of the Ohio Supreme Court's observation, in *Ohio Civil Rights Comm.* v. *Lysyj* (1974), 38 Ohio St. 2d 217, 222, 67 O.O. 2d 287, 290, 313 N.E. 2d 3, 7, certiorari denied (1975), 419 U.S. 1108, that if the legislature intended to authorize an award of compensatory or punitive damages, it would explicitly provide for the same. R.C. 4101.17(B), in its present form, does not provide for such damages.

Based upon the foregoing, we hold that R.C. 4101.17(B) does not, either explicitly or implicitly, authorize the recovery of either compensatory or punitive damages. The trial court did not err in striking appellant's claims for such relief and, accordingly, we find appellant's second assignment of error to be not well-taken.

Appellant's third assignment of error alleges that the trial court should not have dismissed appellant's complaint following trial. In support of this argument, appellant challenges the

trial court's findings of fact concerning the issue of discharge, and also challenges the trial court's rulings on certain evidence.

Civ. R. 41(B)(2), concerning involuntary dismissal of suit, provides:

"After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a *dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.* The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.* * *" (Emphasis added.)

In the instant case, the trial court declined to render judgment at the close of appellant's case but elected to hear all the evidence, and then the trial court rendered judgment against appellant.

In order for an aggrieved party to establish a prima facie case of age-based employment discrimination, in violation of R.C. 4101.17, he must prove:

"* * * (1) that he was a member of the statutorily-protected class, (2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class. Defendant-employer may then overcome the presumption inherent in the prima facie case by propounding a legitimate nondiscriminatory reason for plaintiff's discharge. Finally, plaintiff must be allowed to show that the rationale set forth by defendant was only a pretext for unlawful discrimination." *Barker* v. *Scovill, Inc.* (1983), 6 Ohio St. 3d 146, 6 OBR 202, 451 N.E. 2d 807, paragraph one of the syllabus.

Prior to trial, the parties stipulated to all elements of the prima facie case except for the fact that appellant had been discharged. That particular element was therefore a key factual issue for trial.

In its decision, the trial court found that appellant had not been discharged from employment but had, instead, voluntarily relinquished her employment. The trial court found that, following her removal from the position of executive secretary, appellant was offered two choices. She could either resign or be placed on inactive status with early retirement. Appellant was thereafter offered the third choice of accepting a demotion but still remaining in appellee's employ. Despite several extensions of time to accept or reject these various offers, appellant never responded, but simply withdrew her company savings incentive funds, and then filed suit. Based on these facts, the trial court concluded that appellant had herself terminated her own employment.

We have thoroughly examined the record evidence, and we conclude that the trial court's factual determinations are, in all regards, amply supported by competent and credible evidence. As an appellate court, we therefore will not disturb the trial court's findings of fact. See *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80, 10 OBR 408, 410-411, 461 N.E.2d 1273, 1276; *C.E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E.2d 578, syllabus. We therefore find appellant's third assignment of error to be not well-taken insofar as it challenges the sufficiency of the evidence.

Appellant also argues, in support of this particular assignment of error, that the trial court improperly admitted certain evidence. More specifically, appellant contends that appellee's letters to her, wherein she was offered

other employment within the company, should have been excluded pursuant to Evid. R. 408. That rule provides, in pertinent part:

"Evidence of * * * furnishing or offering or promising to furnish * * * a valuable consideration *in compromising or attempting to compromise a claim* which was disputed * * * is not admissible to prove liability for or invalidity of the claim * * *. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. * * *" (Emphasis added.)

It is manifestly clear, however, that the letters in question (Defendant's Exhibits 11, 13, 14, 15, and 16) do not fall within the rule, because they conveyed no obligation, on the part of appellant, to compromise whatever legal claims she may have had against her employer. The letters of offer were sent in an attempt to provide appellant with the option of continued employment, and were not an attempt to compromise those claims raised in the suit below. Evidence of the letters was, for this reason, clearly admissible. See *Thomas* v. *Resort Health Related Facility* (E.D.N.Y. 1982), 539 F. Supp. 630, 637-638. Accordingly, we find appellant's third assignment of error to be not well-taken.

In support of her fourth assignment of error, appellant argues that dismissal of her complaint was erroneous because, she contends, the trial court applied the incorrect standard to allocate the burden of proof. We do not agree.

In *Barker* v. *Scovill, Inc., supra,* the Ohio Supreme Court addressed the issue of burden of proof in a case alleging age-based employment discrimination. The court held that, first, an employee must prove, by a preponderance of the evidence, the four elements of a prima facie case. *Id.* at 147-148, 6 OBR at 203, 451 N.E. 2d at 809. See discussion, *supra.* The burden then shifts to the employer to prove, also by a preponderance of the evidence, that there was a legitimate and non-discriminatory reason for the employee's discharge. *Id.* at 148, 6 OBR at 203, 451 N.E. 2d at 809-810. Finally, if the employer does advance permissible grounds for the discharge, the burden then shifts back to the employee to prove, by a preponderance of the evidence, that the reasons offered by the employer for the dismissal were merely a pretext for unlawful discrimination. *Id.*

Appellant contends that the trial court erred when it applied the foregoing evidentiary standards, and that the trial court should have applied a different standard of proof, one which does not "rigidly" and "mechanistically adhere" to these particular prerequisites. Appellant's arguments are entirely without merit. The trial court correctly applied the proper standards, as enunciated in *Barker* v. *Scovill, Inc., supra.* Accordingly, appellant's fourth assignment of error is not well-taken.

Appellant's fifth assignment of error challenges two of the trial court's findings of fact. First, appellant alleges, the record does not support the trial court's finding that appellant was removed from the position of executive secretary for reasons other than her age. Second, appellant contends, the record does not support the trial court's finding that appellant failed to prove that the company's actions were a mere pretext for unlawful discrimination.

Upon a thorough and careful examination of the trial transcript and the exhibits, we conclude that the trial court's findings are well-supported by competent and credible evidence that appellant was removed from her position because of breaches of confidentiality, unsatisfactory job performance, and dishonesty, and that ap-

pellant's removal was not a mere pretext for age discrimination. See *C. E.. Morris Co.* v. *Foley Constr. Co., supra*. Accordingly, we find appellant's fifth assignment of error to be not well-taken.

In support of her sixth assignment of error, appellant argues that the trial court should not have dismissed her claim for tortious wrongful discharge. The record indicates that appellee filed a motion to dismiss this claim, pursuant to Civ. R. 12(B)(6), alleging that the complaint did not set forth a legally cognizable claim upon which relief could be granted. The trial court granted the motion, prior to the commencement of trial.

In reviewing the propriety of a dismissal entered pursuant to Civ. R. 12(B)(6), we must assume, for this limited purpose only, the truth of the allegations contained in appellant's complaint below. See *State, ex rel. Alford*, v. *Willoughby* (1979), 58 Ohio St. 2d 221, 223, 12 O.O. 3d 229, 230, 390 N.E.2d 782, 785. In her third claim for relief, appellant alleged that appellee had taken actions which were intended to cause her embarrassment, humiliation, and distress, that appellee's actions were tortious, retaliatory in nature, motivated by bad faith or malice, and were intended to cause appellant harm. Further, appellant alleged that her employer's actions violated and contravened public policy, and she sought damages for this allegedly tortious conduct.

The parties below never executed a written employment contract. An oral employment agreement of indefinite duration is deemed to be terminable at the will of either the employer or the employee, and either party may terminate the employment at any time, for any reason not contrary to law, or for no reason at all. See *Mers* v. *Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, 19 OBR 261, 483 N.E. 2d 150, paragraph one of the syllabus; *Henkel* v. *Educational Research Council* (1976), 45 Ohio St. 2d 249, 74 O.O. 2d 415, 344 N.E.2d 118, syllabus; *Jones* v. *East Center for Community Mental Health, Inc.* (1984), 19 Ohio App. 3d 19, 19 OBR 85, 482 N.E.2d 969, paragraph three of the syllabus; *Peterson* v. *Scott Constr. Co.* (1982), 5 Ohio App. 3d 203, 5 OBR 466, 451 N.E. 2d 1236, paragraph two of the syllabus. Appellant was consequently an employee at will.

Nevertheless, she maintains that we should carve out an exception to the employment-at-will doctrine and recognize a cause of action for tortious wrongful discharge. We decline, however, to do that which the Ohio Supreme Court has expressly refused to do. See *Fawcett* v. *G.C. Murphy & Co., supra*, at 249, 75 O.O.2d at 293, 348 N.E. 2d at 147. We conclude, therefore, that the trial court did not err in dismissing appellant's third claim pursuant to Civ. R. 12(B)(6), inasmuch as appellant did not therein state a claim upon which relief could be granted. Accordingly, we find appellant's sixth assignment of error to be not well-taken.

Appellant's seventh and final assignment of error is that the trial court should not have granted appellee's motion for summary judgment on the second claim of appellant's complaint. In that claim, appellant alleged that she was entitled to damages based on a breach of an implied employment contract or, in the alternative, on the grounds of promissory estoppel. Appellee, in its motion, contended that appellant was an employee at will, thereby subject to discharge for any reason.

Summary judgment is appropriate when the moving party demonstrates: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can reach but one conclusion,

and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47. See, also, Civ. R. 56(C).

The ultimate issue before this court is whether the trial court properly granted summary judgment to appellee. Central to this determination is whether there were questions of fact concerning the existence of supplemental provisions to the original oral employment agreement which would then limit appellee's discretion to the point where it could only terminate appellant's employment for just cause. For the following reasons, we must conclude that there were no such factual issues.

In *Mers* v. *Dispatch Printing Co., supra,* the Ohio Supreme Court stated that it is proper to consider the facts and circumstances surrounding an at-will agreement in order to ascertain whether the parties to such an agreement thereafter altered its terms. *Id.* at 103, 19 OBR at 263-264, 483 N.E. 2d at 153. In the case *sub judice,* appellant claims that certain oral representations were made which limited appellee's right to discharge her. She also claims that provisions set forth in her employee handbook, the retirement income plan, the savings incentive plan, and various policy statements operated as components of a written employment contract.

Ohio courts, including this appellate court, have acknowledged that, in certain situations, employee handbooks, company policies, oral representations and the like, may constitute components or evidence of an employment contract. See, *e.g., Helle* v. *Landmark, Inc.* (1984), 15 Ohio App. 3d 1, 15 OBR 22, 472 N.E. 2d 765; *Hedrick* v. *Center for Comprehensive*

*Alcoholism Treatment* (1982), 7 Ohio App. 3d 211, 7 OBR 272, 454 N.E. 2d 1343. However, in the instant case, the evidence clearly demonstrates that appellant's employment remained, at all times, terminable-at-will.

The evidence before the trial court, for purposes of the summary judgment motion, consisted of the pleadings, answers to interrogatories, depositions, affidavits, the collective bargaining agreement, the Toledo Edison Savings Incentive Plan, the Toledo Edison Retirement Income Plan, the Toledo Edison Employee Handbook, and other miscellaneous exhibits. See Civ. R. 56(C). Based upon a thorough examination of this evidence, we conclude, as did the trial court, that there was no genuine issue of fact, and that appellee was entitled to judgment as a matter of law, on the breach-of-contract/promissory estoppel claim.

Despite appellant's unsupported allegations that, at the time she was hired and also on other occasions, she received verbal assurances of continued employment, such representations (if any, in fact, were made) were superseded by the collective bargaining agreement, once appellant joined the bargaining unit. When she left her union job to become an executive secretary, she was no longer protected by that agreement. Appellant claims, however, that she was promised, by the terms of that agreement, that she could return to the bargaining unit if she chose to do so. This argument is without merit, because the agreement specifically states that an employee who has been discharged from a job outside the bargaining unit may not return to the bargaining unit. When appellant was removed from her position as executive secretary, she lost her right to return to the bargaining unit. Consequently, appellant's at-will status was not altered by any oral or written representations.

Appellant also contends that the

employee handbook, the retirement income plan, the savings incentive plan, and the annual benefit summaries created a contract of employment between appellant and Toledo Edison. We conclude, however, that no such contract was formed by these documents. Not only is there no reference, in these publications, to any "for cause" restrictions regarding termination, but there are very explicit disclaimers, in the handbook, the retirement plan, and the savings plan, to the effect that nothing contained in those publications should be construed as a promise of continued employment. The disclaimers therefore defeat appellant's claim that her employment was anything more than terminable-at-will.

Construing all evidence most strongly in appellant's favor, we must nevertheless conclude that she was an employee at will, that her at-will status was never altered, that appellee made no promise upon which appellant could reasonably have relied, and that there was no employment contract giving rise to an obligation on appellee's part to only terminate that employment for just cause. Accordingly, the trial court properly granted appellee's motion for summary judgment, and appellant's seventh assignment of error is not well-taken.

Upon consideration whereof, this court finds that substantial justice has been done the party complaining, and the judgment of the trial court is affirmed. This case is ordered remanded to the Lucas County Court of Common Pleas for execution of judgment and assessment of costs. Costs are assessed against appellant.

*Judgment affirmed.*

RESNICK, J., concurs.

WILKOWSKI, J., dissents.