### Tulloh v. Goodyear Atomic Corp.
*[Cite as 7 AOA 126]*

*Case No. 449*
*Pike County, (4th)*
*Decided September 5, 1990*

*Louise M. Roselle and Katherine R. Breunderman, Waite, Schneider, Bayless & Chesley Co., L.P.A., Cincinnati, Ohio, for Appellant.*

*Robert E. Tate, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for Appellees.*

STEPHENSON, J.

This is an appeal from a judgment entered by the Pike County Court of Common Pleas dismissing the complaint filed by Michael H. Tulloh, plaintiff below and appellant herein, upon the motion of Goodyear Atomic Corporation and Martin Marietta Energy Systems, Inc., defendants below and appellees herein. Appellant assigns the following errors:

"I. The trial court erred to the detriment of the plaintiff by applying improper standards of review to plaintiff's complaint.

"II. The trial court abused its discretion by dismissing plaintiff's complaint pursuant to Civ. R. 12(B) (6) when it tested the merits of the complaint and not merely the legal sufficiency of the allegations.

"III. The trial court erred to the detriment of plaintiff by treating defendants' motion to dismiss under Civ. R. 12(B) (6) as a motion for summary judgment pursuant to Civ. R. 56, without affording plaintiff the requisite notice and opportunity to respond.

"IV. The trial court abused its discretion by considering facts not in evidence and by considering information in a form other than that specified by Civ. R. 56(C).

"V. The trial court erred to the detriment of the plaintiff by declining jurisdiction over plaintiff's claim for wrongful discharge."

The following facts are pertinent to this appeal. On February 19, 1988, appellant filed a complaint in the Pike County Court of Common Pleas wherein he asserts two claims, to-wit: (1) appellees committed an intentional tort against appellant[1] and (2) Appellee Martin Marietta wrongfully discharged appellant. Appellees filed an answer on March 10, 1989 denying liability. On November 16, 1989, appellees filed a motion pursuant to Civ. R. 12(B) (6) seeking to have appellant's complaint dismissed for failure to state a claim upon which relief could be granted or, in the alternative, pursuant to Civ. R. 56, seeking the grant of summary judgment on both claims. On November 29, 1989, appellant filed a memorandum in opposition to appellees' motion to dismiss and attempted to reserve his right to file further materials if the court treated appellees' motion as one for summary judgment rather than as one to dismiss for failure to state a claim. In a judgment entry filed on December 8, 1989, the lower court ruled in favor of appellees.

Appellant asserts five assignments of error, however, he never specifically refers to the assignments of error in his argument as required. *See* App. R. 12(A). Instead, appellant essentially posits three issues for review, to-wit: (1) the court erred in dismissing his intentional tort claim, (2) the court erred in converting the Civ. R. 12(B) (6) motion into a summary judg-

ment motion with out giving appellant notice and the opportunity to respond, and (3) the court erred in dismissing appellant's wrongful discharge claim.

Basically, appellant's first two assignments of error address the first argument, his third and fourth assignments of error address the second argument, and his fifth assignment of error addresses the third argument.

With this in mind, we will first address appellant's first and second assignments of error. As noted *supra,* appellant contends that the court erred in dismissing his intentional tort claim. The court dismissed the claim pursuant to appellees' Civ. R. 12(B) (6). Actually, since the motion was filed after appellees' filed their answer, they should have filed a Civ. R. 12(C) motion on the pleadings. However, since the standards for Civ. R. 12(B) (6) motions and Civ. R. 12(C) motions are identical, *see Sabolsice v. Armm Coal Co.* (June 28, 1989), Lawrence County App. No. 1874, unreported, it is not of importance which type of motion we consider.

We first note that when considering a Civ. R. 12(B) (6) motion, the allegations in the complaint must be taken as true. *Phung v. Waste Management. Inc.* (1986), 23 Ohio St. 3d 100, 102. Then before a motion to dismiss for failure to state a claim may be granted, it must appear beyond a doubt that from the pleadings the plaintiff would not be entitled to recover under any set of facts. *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St. 2d 242. More specifically, the Ohio Supreme Court in *Mitchell v. Lawson Milk Company* (1988), 40 Ohio St. 3d 190, in the syllabus stated the following with respect to Civ. R. 12(B) (6) motions filed in cases alleging an intentional tort by an employer:

"A claim of intentional tort against an employer will be dismissed as failing to establish that the pleader is entitled to relief *unless the complaint alleges facts* showing that the employer: (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and, despite this knowledge, still proceeded. (*Van Fossen v. Babcock & Wilcox Co.* [1988], 36 Ohio St. 3d 100, 522 N.E. 2d 489; *Pariseau v. Wedge Products. Inc.* [1988], 36 Ohio St. 3d 124, 522 N.E. 2d 511; and *Kunkler v. Goodyear Tire & Rubber Co.* [1988], 36 Ohio St. 3d 135, 522 N.E. 2d 477, construed.)" (Emphasis added.)

The reasoning for this standard is that "[v]irtually every injury in the workplace can be made the basis for a claim of intentional tort if the unsupported conclusion that the employer intended to injure the employee is allowed to prevail over factual allegations which preclude the possibility of intentional tort." *Id.* at 193. Further, as Justice Douglas has stated on more than one occasion, *see Mitchell, supra* at 194 (Douglas, J. concurring); *Van Fossen v. Babcock & Wilson Co.* (1988), 36 Ohio St. 3d 100, at 123 (Douglas, J. dissenting), "to place an employer in a position of having to extensively defend an 'intentional tort' case which is based upon nebulous theories and speculation is ... not a just result. The cost of defense alone is enough to seriously damage some employers."

We will now apply the foregoing to the case at bar. Generally, an employee cannot recover directly from his employer if he is injured on the job. Under such circumstances, he is limited to benefits under the Workers' Compensation Act. However, an employee is not limited to the Workers' Compensation Act if his injuries are the result of an intentional tort by his employer. *See Van Fossen, supra; Jones v. VIP Development Co.* (1984), 15 Ohio St. 3d 90.

There are two standards to prove intentional tort in Ohio. For causes of action which arose prior to August 22, 1986, a common law standard is used. The Supreme Court in *Van Fossen, supra* at 116-117, clarified the standard which had been set forth in *Jones, supra* and *Blankenship v. Milacro Chemicals, Inc.* (1982), 69 Ohio St. 2d 608, by stating the following:

"We now interpret *Jones* to require knowledge on the part of the employer as a vital element of the requisite intent. Thus, under this interpretation of *Jones,* within the purview of the Restatement of Torts 2d, and the commentary of Prosser & Keeton on Torts applicable to this area of law, we hold that in order for 'intent' to be found for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within his business operation; (2) knowledge by the employer that if employees are required by virtue of their employment to be subjected to such dangerous process, procedure, instrumentality or condition, then harm to them would be a substantial certainty, and not just a high risk; (3) that the employer, under such circumstances,

and with such knowledge, did act to so require the employee to continue performing his employment tasks.

"We recognize that pursuant to this interpretation of 'intent' as set forth above, proof of the actual or subjective intent of the actor to accomplish the consequences is not required. Our discussion herein is directed toward significantly limiting the areas within which 'intent' on the part of the actor may be circumstantially *inferred.*

"To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. Where the risk is great and the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk--something short of substantial certainty--is not intent."

For causes of action which arise on or after August 22, 1986, the standard is set forth in R.C. 4121.80[2] which became effective on that date. For such causes of action, an employee must prove that his employer committed an intentional tort as defined by R.C. 4121.80. The pertinent definitions are set forth in R.C. 4121.80(G) (1), as follows:

"'Intentional tort' is an act committed with the intent to injure another or committed with the belief that the injury is substantially certain to occur.

"Deliberate removal by the employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance is evidence, the presumption of which may be rebutted, of an act committed with the intent to injure another if injury or an occupational disease or condition occurs as a direct result.

"'Substantially certain' means that an employer *acts with deliberate intent* to cause an employee to suffer injury, disease, condition, or death." (Emphasis added.)

In the case at bar, appellant has alleged that a continuing intentional tort has occurred

over a period of time which included a period prior to August 22, 1986 and a period after and including August 22, 1986. Thus appellant would be entitled to maintain his intentional tort claim if it is viable under either standard.

In the case *sub judice*, appellant's complaint averred the following with respect to the intentional tort claim:

"8. Plaintiff was exposed to hazardous radioactive dust, chips and fumes due to his position as a uranium materials handle for Defendants.

"9. Defendants failed to exercise their duties to establish, maintain and control health and safety standards at the Plant.

"10. Defendant Goodyear concealed critical information and knowledge concerning the injurious effect exposure to the uranium materials being processed at the Plant would have on Plaintiff.

"11. Defendants knew, or should have known, that exposure to uranium and other radioactive materials posed a severe health hazard to Plaintiff.

"12. Defendants intentionally and willfully continued to expose Plaintiff to said health hazards, failed to warn Plaintiff of the hazards, and concealed critical information from Plaintiff and others concerning the work environment.

"13. Defendants actions were intentional, willful and committed with an intent to injure and with the belief that injury was substantially certain to occur.

"14. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered from sinusitis, pharyngitis, laryngitis, abdominal pain [sic], cramping, vomiting, nausea and extreme upper respiratory and gastrointestinal dysfunction, as well as emotional pain and suffering."

We held that as a matter of law that the averments in appellant's complaint do not support a claim upon which relief could be granted. It is not disputed that appellant was exposed to potentially dangerous materials as part of his employment duties--i.e., he was a handler of a radioactive substance. However, that fact alone is not sufficient to allow recovery for an intentional tort. Appellant must show that appellees intended for him to be injured or that injury was substantially certain to occur.

Appellant further averred that appellees concealed critical information and continued to expose appellant to the dangers after they became aware of the risks. These are mere conclu-

sions supported by no underlying facts. "Unsupported *conclusions* that appellant committed an intentional tort are not to be taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion." *Mitchell, supra* at 193; *Schulman v. Cleveland* (1972), 30 Ohio St. 2d 196, at 198. Even assuming, *arguendo,* that appellant's averments are based in fact, they would not give rise to a recovery for an intentional tort. The Supreme Court noted the following in *Van Fossen, supra* at 117:

"There are many acts within the business or manufacturing process which involve the existence of dangers, where management fails to take corrective action, institute safety measures, or properly warn the employees of the risks involved. Such conduct may be characterized as gross negligence or wantonness on the pat of the employer. However, in view of the overall purposes of our Workers' Compensation Act, such conduct should not be classified as an 'intentional tort' and therefore an exception, under *Blankenship* or *Jones,* to the exclusivity of the Act." (*See also Sanek v. Duracote Corp.* (1989) 43 Ohio St. 3d 169, at 172-173.)

Essentially, in the case *sub judice,* appellant's cause of action alleging an intentional tort is as deficient in facts as was the complaint in *Mitchell, supra* wherein the Supreme Court affirmed a dismissal of the complaint for failure to state a claim upon which relief may be granted. Likewise, we hold that appellant failed to state a claim upon which relief could be granted under either the common law standard of intentional tort or the statutory standard. Therefore, we affirm the lower court's dismissal of appellant's first cause of action. Appellant's first and second assignments of error are overruled.

In his third and fourth assignments of error, appellant contends that the court below erred in converting appellees' Civ. R. 12(B) (6) motion into one for summary judgment without giving appellant notice and an opportunity with summary judgment material in opposition to appellees' motion. Appellees filed a motion to dismiss or, in the alternative, for summary judgment. Appellant filed a response to the motion to dismiss and attempted to reserve the right to file affidavits and other additional materials outside the pleadings if the court below treated appellees' motion as one for summary judgment rather than one for dismissal. The court then ruled on appellees' motion without further notice.

Because we hold that the court treated appellees' motion as one to dismiss, we overruled appellant's third and fourth assignments of error. In his argument appellant cites Civ. R. 12(B) which states, in pertinent part, that "[w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." The rule further states that the court shall only consider these materials specifically set forth in Civ. R. 56 and that all parties are to be given a reasonable opportunity to present appropriate materials. Appellant contends the lower court applied the foregoing without giving him the opportunity to respond with summary judgment materials.

We disagree. In its entry, the court stated the following with respect to appellants' first cause of action, i.e., the intentional tort claim:

"In the instant action, the Court finds that the pleadings, as presented herein, do not state facts which support a conclusion that Defendants were guilty of an intentional tort under either the standard outlined by the Supreme Court in *Van Fossen, supra,* or as outlined in R.C. 4121.80(G). Under the circumstances, Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted." (Footnote omitted.)

The court's entry clearly sets forth the standard for a motion to dismiss for failure to state a claim, not that for summary judgment. Further, the court considered no outside materials with respect to the first cause of action. Hence, the court below treated appellees' motion as one to dismiss.

In that portion of its judgment entry pertaining to appellant's second cause of action, i.e., the wrongful discharge claim, the court found that it lacked subject matter jurisdiction. It is unclear what standard the court was using; however, there were not outside materials the court could properly consider.[3] *See* Civ. R. 56(C). Hence, we conclude that there was no reason for the court to convert appellees' motion to dismiss to a Civ. R. 56 motion for summary judgment. This conclusion is strengthened by the fact that the court made no determination as to whether there were any questions of material fact as is necessary before a court grants summary judgment. Accordingly, the court did not convert appellees' motion to a summary judgment

motion. Appellant's third and fourth assignment of error are overruled.[4]

In his final assignment of error, appellant asserts that the court below erred in dismissing his wrongful termination claim. Appellant argues that the court misconstrued his claim as a breach of contract claim. Instead, appellant contends that his claim was based on the following:

"Plaintiff's claim for wrongful termination is grounded in his employers' violations of his rights under federal and state law, specifically his statutory and constitutional protection against harassment and retaliation for exercising his fundamental rights of freedom of speech and association, his fundamental rights to life and health, and his statutorily protected right to apply for workers compensation benefits for workrelated injuries."

Appellant's complaint sets forth the following averments in his claim of wrongful termination:

"17. Plaintiff believes and therefore avers that as a result of Plaintiff's history of demands that the Plant be operated in a manner consistent with all statutory, regulatory and societal obligations, Defendant Martin Marietta wrongfully terminated Plaintiff.

"18. Plaintiff believes and therefore avers that Defendant Martin Marietta's purpose in wrongfully terminating Plaintiff was to eliminate from Plaintiff's workforce an employee known to voice his concerns about an unsafe and improper work environment.

"19. As a direct and proximate result of Defendant's conduct, Plaintiff has been injured in the amount of $500,000."

We first note that appellant's complaint clearly did not set forth a claim based upon a violation of his statutory right to apply for Workers' Compensation benefits. No where in his complaint does appellant assert that the was terminated because he applied for workers' Compensation or that he had ever applied for Workers' compensation. If appellant had set forth such a claim, it would withstand a motion to dismiss for failure to state a claim because R.C. 4123.90 specifically allows an employee to sue his employer if he is discharged for applying for Workers' Compensation benefits.

The remainder of his argument on appeal is very similar to an argument which was rejected by the Ohio Supreme Court in *Phung v. Waste Management Inc.* (1986), 23 Ohio St. 3d 100. Appellant basically claims that he was fired as a result of his history of demanding that appellee operate in a manner consistent with applicable laws and regulations. In *Phung, Id.* at 103, the court stated, "Public policy does not require that there be an exception to the employment-at-will doctrine when an employee is discharged for reporting to his employer that it is conducting its business in violation of law."

Under his argument, appellant contends that his cause of action was not one for breach of contract; therefore, for purposes of this argument he was an employee-at-will because "employment is presumed to be at will unless other contractual provisions expressly or impliedly provide otherwise." *Phung, Id.* at 104 (Holmes, J. concurring). Basically, appellant's argument is that his complaint was based in tort for wrongful termination, and such a claim is not recognized in Ohio. *See Phung, supra; Fawiett v. G.C. Murphey & Co.* (1976), 46 Ohio St. 2d 245; *South v. Toledo Edison Co.* (1986), 32 Ohio App. 3d 24. Hence, if appellant's second cause of action was based in tort, the court properly dismissed his claim, albeit for different reasons.[5]

However, the court considered appellant's second cause of action to be based in contract and from a reading of the pertinent portions of the complaint set forth, *supra,* we find that it could be considered a claim for breach of the employment contract. Therefore, we must determine whether appellant could maintain an action for breach of contract because appellant is entitled to maintain his action if there is any set facts which could support his claim. *See O'Brien, supra.*

The court below found that appellant's cause of action was preempted by federal law--i.e., Section 301 of the Labor Relations Management Act, codified in 29 U.S.C. Section 185--and, thus determined that it had no jurisdiction over the cause of action. The court's holding was based on the fact that appellant was "a member of the collective bargaining unit represented by the Oil, Chemical & Atomic Workers Local 3-689." The only place that fact appeared in the record was in appellees' memorandum in favor of dismissal. In ruling on a Civ. R. 12(B) (6) motion, the court is limited to those averments set forth in the pleading. Hence, it was improper for the court to consider appellant's membership in the Oil, Chemical & Atomic Workers Local 3-689. Without that fact, the court could not conclude that appellants' cause of action was preempted by federal law. Accordingly, the court erred in dismissing

appellant's second cause of action. Appellant's fifth assignment of error is sustained.

For the aforementioned reasons, the judgment of the court below is affirmed in part and reversed in part.

*Judgment affirmed in part and reversed in part.*

GREY, J., concurs in judgment and opinion.

HARSHA, J., concurs in judgment with opinion.

I concur in the judgment affirming the trial court's dismissal of appellant's intentional tort claim and reversing its dismissal of appellant's wrongful discharge claim, but write separately because my analysis of the second claim differs from that of the principal opinion.

I disagree with the principal opinion's resolution of appellant's fifth assignment of error based upon a Civ. R. 12(B)(6) analysis. Although appellees' November 10, 1989 motion was inartfully labeled a motion to dismiss pursuant to "Civ. R. 12(B) (6) and 56(C)," the manifest tenor of their supporting memorandum's argument with respect to appellant's wrongful discharge claim was that the trial court lacked subject matter jurisdiction because of federal preemption. Moreover, the trial court's December 8, 1989 judgment entry dismissing appellant's complaint explicitly determined that appellant's wrongful discharge claim "is preempted under federal law and accordingly must be dismissed for lack of subject matter jurisdiction." Consequently, it is apparent that although not specifically mentioned, Civ. R. 12(B)(1), relating to a dismissal based upon lack of subject matter jurisdiction, rather than Civ. R. 12(B) (6) was the applicable provision in the instant case.

The standard of review for a dismissal pursuant to Civ. R. 12(B) (1) is whether any cause of action cognizable by the forum has been raised in the complaint. *Bush, supra* at p. 80; *Avco Financial Services Loan, Inc. v. Hale* (1987), 36 Ohio App. 3d 65, 67. The trial court is not confined to the allegations of the complaint when determining its subject matter jurisdiction pursuant to a Civ. R. 12(B) (1) motion to dismiss, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment. *Southgate Development Corp. v. Columbia Gas Transmission Corp.* (1976), 48 Ohio St. 2d 211,

paragraph one of the syllabus. However, since the trial court's ruling and appellees' argument regarding federal preemption were premised on appellant's union membership and no document was attached to any of the pleadings which disclosed such fact, I concur in the principal opinion's reversal and remand on appellant's wrongful discharge claim for relief.

---

[1] From 1953 to November 1986, Appellee Goodyear Atomic Corporation operated the Portsmouth Gaseous Diffusion Plant in Piketon, Ohio, where appellant was employed. Appellee Martin Marietta Energy Systems, Inc. took over operations of the plant in November 1986. As such, appellant was employed by Goodyear from the time of his hiring until November 1986 and was employed by Martin Marietta from November 1986 until his termination shortly thereafter.

[2] R.C. 4121.80 was amended in 1989; however, the amendment is neither applicable to nor pertinent to the case *sub judice.*

[3] The court did improperly consider one fact concerning appellant's collective bargaining unit, which fact appeared in appellees' memorandum in support of its motion. This is considered more fully in our analysis, *infra,* with respect to appellant's fifth assignment of error.

[4] Even if we concluded that the court below considered appellees' motion as one for summary judgment, we would conclude that the court below did not fail to give appellant the opportunity to present materials. It was not necessary for the court to convert appellees' motion to a motion for summary judgment because appellees', in their motion alternatively sought summary judgment. While it would have been preferable for appellees' to file two separate motions, we do not believe appellant was prejudiced.

Appellant was notified that appellees' filed a motion for summary judgment and was, thus entitled to notice of when either an oral or non-oral hearing would be held upon the motion. *See* Civ. R. 56(C); *General Motors Acceptance Corp. v. Stratten* (June 28, 1989), Highland County App. No. 694, unreported. In the case at bar appellant was notified. In its pre-trial order filed on September 12, 1989, the court stated, "Any pre-trial motions should be filed by November 15, 1989. Non-oral hearing on said motions will be December 4, 1989, at 9:00 A.M." Even though the hearing date was set prior to the motion being filed, appellant was appraised of the date by which he was required to file materials in opposition to appellees' motion. We do note that appellees did not file their motion until November 16, 1989, the day after the date by which the court requested pre-trial motions be filed, however, we do not find that fact to be significant. What is important was that appellee was provided with at least fourteen days after the motion is filed to file summary judgment materials before the hearing

is set. *See* Civ. R. 56(C). In the case *sub judice*, the motion was filed on November 16, 1989, and the non-oral hearing was set for December 4, 1989, eighteen days later.

Appellant stated in his memorandum in opposition to dismissal that he reserved his right to notice and the opportunity to file affidavits if the court considered appellees' motion as an for summary judgment. Appellant should have filed the affidavits along with the memorandum. Appellant had notice that the motion was in part one for summary judgment and had notice of the non-oral hearing date. He was entitled to nothing more. Thus, even if the court did treat appellees' motion as one for summary judgment, which we held it did not, appellant received the requisite notice.

[5] Even if the lower court's reasoning was faulty, we would not reverse as long as the judgment was correct because a reviewing court passes upon the correctness of the judgment, not the reasons therefor. *Taylor v. Yale & Town Mfg.* (1987), 36 Ohio St. 3d 62, 63; *Wright v. Hull* (1911), 83 Ohio St. 385, 394.