914 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vivian J. SCHEID, Plaintiff-Appellant,
v.
FANNY FARMER CANDY SHOPS, INC., Defendant-Appellee.
 No. 89-3046.
 United States Court of Appeals, Sixth Circuit.
 Sept. 11, 1990.
 
 Before WELLFORD and SUHRHEINRICH, Circuit Judges, and HOLSCHUH,* Chief District Judge.
 PER CURIAM.
 
 
 1
 The plaintiff, Vivian J. Scheid, worked for the defendant, Fanny Farmer Candy, continuously from September of 1963 until her discharge in July of 1986. She at first worked as an hourly employee until late 1972, and the conditions of her employment were governed by a collective bargaining agreement. In late 1972 or early 1973, the defendant promoted Scheid to a supervisory position in the enrober department in which capacity she served until 1983. In 1983, the defendant transferred her to "receiving department supervisor," where she worked until her discharge.
 
 
 2
 Due to economic problems and conditions, the defendant laid off several office workers in early 1986. In June of 1986, defendant implemented a program seeking to eliminate two supervisory positions as well. In furtherance of its cut-back, the defendant offered an incentive plan, whereby two supervisors who volunteered to leave would receive twelve weeks of severance pay. When only one supervisor volunteered to quit, defendant then extended the deadline for the incentive plan and requested one more supervisor to quit voluntarily with special benefits and incentives. None responded, and the defendant then notified the plaintiff that she was laid off.
 
 
 3
 Four months later, still in 1986, the plaintiff filed a complaint in Ohio state court, claiming age discrimination under Ohio Rev.Code Sec. 4101.17, breach of implied contract, breach of duty of fair dealing, malicious discharge of employment, and negligent or intentional infliction of emotional distress. The defendant removed the action to federal court. After taking plaintiff's deposition, defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment.
 
 
 4
 The district court initially dismissed plaintiff's complaint for failure to state a claim. Plaintiff appealed that disposition as to the age discrimination and breach of contract claims. On October 18, 1988, another panel of this court affirmed the dismissal of the age discrimination claim, but reversed the dismissal of the contract claim, finding that plaintiff "state[d] a claim upon which relief may be granted." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 438 (6th Cir.1988).
 
 
 5
 Upon remand for further consideration on the breach of contract claim, the defendant renewed its motion for summary judgment. Plaintiff failed to respond to the defendant's motion, and the district court granted the motion, finding that the plaintiff was as a matter of law an at-will employee. While we are sympathetic to plaintiff's plight, we nonetheless affirm.
 
 
 6
 Plaintiff contends that "she worked for Fanny Farmer pursuant to said employer's enunciated policies and promises with a right to continue in said employ unless and until terminated according to Fanny Farmer's rule for good cause and in accordance with promises made by said employer." She asserts that it was therefore error for the district court to grant summary judgment in favor of the defendant. Under Fed.R.Civ.P. 56(c), the district court may grant summary judgment in favor of the moving party where "there is no genuine issue as to any material fact...." Under Ohio law, it is well settled that "[u]nless otherwise agreed, either party to an oral employment-at-will agreement may terminate the relationship for any reason which is not contrary to law." Mers v. Dispatch Printing Co., 19 Ohio St.3d 100, 483 N.E.2d 150 (1985). Although the at-will rule remains the law in Ohio,
 
 
 7
 the facts and circumstances surrounding an oral employment-at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge.
 
 
 8
 483 N.E.2d at 154. Important in such a determination is what is set out in an employment manual given to employees. See Jones v. East Center For Community Mental Health, Inc., 19 Ohio App.3d 19, 482 N.E.2d 969 (1984) ("an employment manual which promises fair treatment and which purports to limit the employer's right to terminate at will," may constitute a binding employment contract to terminate only for certain reasons). Ohio also recognizes that there may be a promissory estoppel exception to the at-will employment relationship. Jones, supra. Appellant seems to be relying on both theories to show error on the part of the district court.
 
 
 9
 We first review the employment manual applicable at Fanny Farmer Candy at the time of layoff. This handbook contains explicit disclaimers which foreclose the arguments made by Scheid. See South v. Toledo Edison Co., 32 Ohio App.3d 24, 513 N.E.2d 800 (1986) (explicit disclaimer in manual that there was no guarantee of continued employment precluded finding of contract of employment for definite duration). In the present case, the employment manual provided, in pertinent part:
 
 
 10
 This policy and procedures manual is designed to provide guidance to management in the administration and supervision of Fanny Farmer employees. It is not intended to be and does not constitute a contract of employment. All employment relationships with Fanny Farmer, except those indicated in the last paragraph, are at-will relationships. Employees remain free to terminate their employment with the Company at any time for any or no reason. Conversely, Fanny Farmer remains free to terminate an employee's employment with the Company at any time, for any reason not prohibited by law.
 
 
 11
 (Emphasis added.) The Fanny Farmer manual also provides that the only individual who had the authority to enter into a "binding contractual relationship with any employee" was the president of the company. Id. Since the disclaimer expressly states that employment is terminable at will, this manual supports defendant's position.
 
 
 12
 Plaintiff also contends that the theory of promissory estoppel precluded the district court from granting of summary judgment in defendant's favor. Under this theory, "[t]he test is whether the employer should have reasonably expected the employee to rely on the employer's representation, and, if so, whether the employee actually relied on the representation to his detriment." Meredith v. Rockwell International Corp., 826 F.2d 463, 469 (6th Cir.1987) (applying Ohio law). In her deposition and in her brief before this court, the plaintiff makes only vague references to an episode in 1973 when the defendant made "certain promises to her" to keep her from leaving the defendant for other employment as a basis of her position concerning estoppel. Plaintiff never elaborates or specifies these alleged promises by Fanny Farmer, nor does she explain how she reasonably relied on such representations as a basis for permanent employment. Plaintiff never alleged that the defendant could reasonably have been expected to believe that plaintiff would rely on these unspecified "certain promises." As the defendant avers, the president of the company was the only person who could make binding promises to employees. Finally, plaintiff fails to explain why she continued to rely on these "certain promises ... that I would always have a job," when the employment manual explicitly provides that each employee is an at-will employee. Because the plaintiff's reliance on general unspecific assurances made years ago is unreasonable, plaintiff has not established that promissory estoppel is a viable issue. Fallis v. Pendleton Woolen Mills, 866 F.2d 209, 213 (6th Cir.1988).
 
 
 13
 This is a case more than two years old when remanded to the district court. Plaintiff, for whatever reason, filed no response to defendant's motion for summary judgment. In light of defendant's motion, Scheid was called upon to "set forth facts showing that there is a genuine issue for trial." Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir.1984). This Scheid failed to do. While the district court acted very promptly in ruling on the motion, plaintiff made no motion for extension of time to respond, and she did not move for reconsideration based on any proffer of proof. In her deposition, moreover, plaintiff conceded that cut-backs were based on economic reasons. ("I firmly believe that they had got themselves in a mess and they had to do something ... things just didn't look good for the company.")[1] Such a basis would ordinarily seem to involve a "just cause" layoff. See Nora v. Carrier Corp. 861 F.2d 457, 461 (6th Cir.1988).
 
 
 14
 Plaintiff's attorney has succinctly expressed her position at pages five and six of her brief:
 
 
 15
 she felt that she had an implied agreement with the employer based upon her years of service and dedication to the job.... Mrs. Scheid had more years as a supervisor than some of those remaining."
 
 
 16
 It is regrettable that a longtime employee with a good employment record is terminated without adequate explanation or thanks. We, nevertheless, can find no error by the district court based on this record and the applicable law.
 
 
 17
 Accordingly, we AFFIRM the judgment.
 
 
 
 *
 The Honorable John D. Holschuh, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Plaintiff was particularly exercised about the manner of the layoff; others were told before she was that she was chosen to be laid off. ("I knew about it before I ever got called up in the office.")