HOOPS, APPELLANT, *v.* UNITED TELEPHONE COMPANY OF OHIO, APPELLEE.

[Cite as Hoops *v.* United Tel. Co. of Ohio (1990), 50 Ohio St. 3d 97.]

(No. 88-1871—Submitted November 22, 1989—Decided April 11, 1990.)

*Spitler, Vogtsberger & Huffman, Daniel T. Spitler, Law Offices of Andrew J. Ruzicho, Louis A. Jacobs, Spater, Gittes & Terzian* and *Frederick M. Gittes,* for appellant.

*Fuller & Henry, Charles R. Leech, Jr.* and *Stephen J. Stanford,* for appellee.

*Porter, Wright, Morris & Arthur, Bradd N. Siegel* and *Donald C. Slowik,* urging affirmance for *amicus curiae,* Ohio Chamber of Commerce.

HOLMES, J. The appellant sets forth two propositions of law:

*"Proposition of Law No. 1:* Section 5 of Article I of the Constitution of Ohio guarantees the right of trial by jury in those cases of the kind triable by a jury prior to its adoption."

*"Proposition of Law No. 2:* R.C. 4101.17 establishes a civil action for damages of the kind triable by a jury prior to the adoption of Section 5 of Article I of the Constitution of Ohio."

We shall discuss both of these propositions together in answering the basic query whether a jury trial is made available to a claimant in an action pursuant to R.C. 4101.17 alleging age discrimination by his employer.

R.C. 4101.17, in pertinent part, is as follows:

"(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee between the ages of forty and seventy who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

"(B) Any person between the ages of forty and seventy discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction. If the court finds that an employer has discriminated on the basis of age, the court shall order an appropriate remedy which shall include reimbursement to him for the costs, including reasonable attorney fees, of the action, or to reinstate the employee in his former position with compensation for lost wages and any lost fringe benefits from the date of the illegal discharge and to reimburse him for the costs, including reasonable attorney fees, of the action. The remedies available under this section are coexistent with remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code; except that any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code."

The appellant argues that Section 5, Article I of the Ohio Constitution guarantees him a right to a jury trial in this cause of action claiming age discrimination and cites *Belding* v. *State, ex rel. Heifner* (1929), 121 Ohio St. 393, 169 N.E. 301, in support of this proposition.

This court stated as syllabus law in paragraph one of the syllabus in *Belding:*

"Section 5 of Article I of the Constitution of Ohio only guarantees the right of trial by jury in those cases where it existed previous to its adoption."

The court in *Belding* stated that "[t]hat guaranty only preserves the right of trial by jury in cases where under the principles of the common law it existed previously to the adop-

tion of the Constitution. * * *'' *Id.* at 396, 169 N.E. at 302. This statement, the appellant argues, means that, since the principles of the common law applied to contract and tort actions and since R.C. 4101.17 provides a remedy for an intentional tort and a breach of contract, trial by jury is guaranteed for appellant's claims, which include a claim for money.

We must reject this argument of appellant, pointing to the following commentary of the court within *Belding:*

''* * * The right of trial by jury has uniformly been recognized and enforced in this state in actions for money, where the claim is an *ordinary* debt, but it is equally well recognized that many special proceedings for the enforcement of a moral duty, where the payment of money is the ultimate relief granted, does [*sic*] not entitle the parties to a jury trial. Nearly all alimony proceedings are for the recovery of money, and an order for payment of money either in bulk or in installments is usually granted. No one would contend that a jury trial was guaranteed in that character of cases. * * *'' (Emphasis added.) *Id.* at 396-397, 169 N.E. at 302.

It is clear that an age-discrimination action pursuant to R.C. 4101.17 is not an action for money where the claim is an ordinary debt. And, as we will discuss subsequently, this section of law was enacted not to provide legal damages, but only equitable relief.

In *Pokorny* v. *Local No. 310* (1974), 38 Ohio St. 2d 177, 67 O.O. 2d 195, 311 N.E. 2d 866, one of the questions was whether R.C. 163.18, providing for the distribution of compensation in appropriation proceedings, was unconstitutional because it did not provide for a jury trial. This court stated at 179, 67 O.O. 2d at 196, 311 N.E. 2d at 868:

''* * * Pursuant to R.C. 163.18, upon motion by any owner for distribution of the jury award, 'the *court* shall hear evidence as to the respective interests of the owners in the property and may make distribution of the deposit or award accordingly.' (Emphasis added.) Appellee argues, in effect, that insofar as R.C. 163.18 does not allow for a jury trial, it is unconstitutional * * *.''

As to Section 5, Article I of the Ohio Constitution, this court then stated, at 180, 67 O.O. 2d at 196, 311 N.E. 2d at 869:

''* * * It provides that: 'The right of trial by jury shall be inviolate * * *.' This constitutional guarantee applies *only* where trial by jury existed previous to its adoption. *Belding* v. *State, ex rel. Heifner* (1929), 121 Ohio St. 393. In *Willyard* v. *Hamilton* (1836), 7 Ohio 398, 402, this court determined that there was no common-law right to a jury trial in land appropriations. Consequently, there are no common-law or constitutional bars to our reading of R.C. 163.18.'' (Emphasis added.)

In the same vein, this court in *Armstrong* v. *Marathon Oil Co.* (1987), 32 Ohio St. 3d 397, 513 N.E. 2d 776, set forth at paragraph four of the syllabus:

''The requirement in R.C. 1701.85 (B) that '[t]he court shall thereupon make a finding as to the fair cash value of a share' dispenses with the requirement of a jury trial in such special statutory proceeding.''

In that case, appellant argued that the court's refusal to grant a jury trial upon the issue of fair cash value violated Section 5, Article I of the Ohio Constitution. In response, this court determined that there was no right of jury trial under R.C. 1701.85(B), which provides a mechanism for determining the fair cash value of a share of cor-

porate stock. In so doing, this court compared R.C. 1701.85(B) with special proceedings, established by the territorial legislature prior to the adoption of the Constitution, for assessment by commissioners, not a jury, of damages from appropriation. This court went on to state:

"In contrast to appellant's claim R.C. 1701.85(B) provides that: *'The court* thereupon shall make a finding as to the fair cash value of a share, and shall render judgment against the corporation for the payment of it * * *.' (Emphasis added.) Quite clearly, this provision dispenses with the requirement of a jury trial and requires that the finding be made by the trial court, with or without the aid of an appointed appraiser.

"Furthermore, the law of Ohio has, for some time, been that the constitutional provision for a right to jury trial applies only where trial by jury existed at common law. * * *

"* * *

"It becomes clear that the special proceeding established by R.C. 1701.85, providing for valuation of shares by the trial court, need not require the participation of a jury. Obviously such valuations are most similar to those kinds of proceedings which were exempt at common law. Accordingly, we find that the General Assembly did not violate the Ohio Constitution by its creation of the valuation proceeding under R.C. 1701.85." *Id.* at 419-420, 513 N.E. 2d at 796-797.

The Court of Appeals for the Sixth District has, in addition to its opinion here, set forth this appropriate philosophy of law in *South* v. *Toledo Edison Co.* (1986), 32 Ohio App. 3d 24, 26, 513 N.E. 2d 800, 803, as follows:

"The Ohio Constitution preserves the right to a jury trial only in those civil actions where the right existed prior to the adoption of Section 5, Arti-

cle I of the Ohio Constitution. *Belding* v. *State, ex rel. Heifner* (1929), 121 Ohio St. 393, 169 N.E. 301, paragraph one of the syllabus. See, also, *McIntyre* v. *Northern Ohio Properties* (1979), 64 Ohio App. 2d 179, 185, 18 O.O. 3d 139, 144, 412 N.E. 2d 434, 438. Where a statute sets forth a new civil right, the legislature may grant a concomitant right to jury trial, but need not do so. *Raine* v. *Curry* (1975), 45 Ohio App. 2d 155, 162, 74 O.O. 2d 171, 175, 341 N.E. 2d 606, 611.

"R.C. 4101.17(B) does not provide for a trial by jury in actions brought pursuant to that statute. Rather, the statute provides that a trial court 'shall order an appropriate remedy * * *,' and then enumerates the specific relief afforded to a litigant. Such relief does not include a jury trial and appellant therefore had no statutory right to the same. Nor was any such relief available at common law. Cf. *Howard* v. *State Farm Ins. Co.* (1978), 61 Ohio App. 2d 198, 203, 15 O.O. 3d 317, 320, 401 N.E. 2d 462, 466. Cf., also, *Brunecz* v. *Houdaille Industries, Inc.* (1983), 13 Ohio App. 3d 106, 107, 13 OBR 123, 125, 468 N.E. 2d 370, 372."

Here, contrary to the arguments of the appellant, the first count of the second amended complaint presents neither a common-law contract action nor a common-law tort action nor any other action known to the common law. Instead, this count asserts that "* * * [t]he Plaintiff was discharged in violation of Ohio Revised Code Section 4101.17 * * *," and that "Defendant * * * acted unlawfully in violation of the Ohio Revised Code Section 4101.17 * * *."

Actions for employment discrimination, including age discrimination, did not exist at common law and, therefore, no right to trial of these actions by a jury existed at common law. An age-discrimination action under

R.C. 4101.17 is a statutory proceeding specifically providing equitable relief for which no jury trial is available.

Neither the current language of R.C. 4101.17(B) nor its legislative history dictates that jury trials are required under such subsection. We emphasize that the verbiage of the subsection is:

"* * * If *the court* finds that an employer has discriminated on the basis of age, *the court* shall order an appropriate remedy * * *." (Emphasis added.)

This court has pointed out in prior opinions that the words "the court" should be given their reasonably intended meaning. See *Kneisley* v. *Lattimer-Stevens Co.* (1988), 40 Ohio St. 3d 354, 533 N.E. 2d 743; *Armstrong* v. *Marathon Oil Co., supra.* In *Kneisley, supra,* this court stated:

"* * * There is no *right* to a jury trial, however, unless that right is extended by statute or existed at common law prior to the adoption of our state Constitution. * * *

"* * *

"* * * [W]e reject the suggestion that the term 'court' encompasses the jury * * *.

"* * *

"Consistent with this rationale, we declined in *Armstrong* v. *Marathon Oil Co.* (1987), 32 Ohio St. 3d 397, 513 N.E. 2d 776, to give 'court' the broad interpretation urged by appellants therein. * * * [W]e similarly refuse to interpret the present statutory language as permitting jury participation. * * *" (Emphasis *sic.*)

We reaffirm these cases, and point out that their analysis is consistent with the legislative history of R.C. 4101.17(B) also. The current language of R.C. 4101.17 was a conscious response by the General Assembly to this court's interpretation of the statute as originally enacted. In *Fawcett* v. *G.C.*

*Murphy & Co.* (1976), 46 Ohio St. 2d 245, 75 O.O. 2d 291, 348 N.E. 2d 114, this court held as syllabus law: "Violation of the provisions of R.C. 4101.17 by an employer does not give rise to a civil action for damages." In response, the General Assembly enacted R.C. 4101.17(B). Am. H.B. No. 598 (137 Ohio Laws, Part II, 3062). The General Assembly is presumed to have known that its designation of a remedy would be construed to exclude other remedies, consistent with the statutory construction maxim of *expressio unius est exclusio alterius.* Also, it may be reasonably presumed that if the General Assembly had intended to confer the right to compensatory and punitive damages, it could have expressly so provided. However, when enacting and then amending R.C. 4101.17, the General Assembly declined both to include the remedy of compensatory or punitive damages, and to provide for jury trials under such section.

In contrast, the General Assembly has expressly provided for legal relief in another cause of action for age discrimination. R.C. 4112.02(N) provides:

"An aggrieved individual may enforce his rights relative to discrimination on the basis of age as provided for *in this section* by instituting a civil action, within one hundred eighty days after the alleged unlawful practice occurred, in any court of competent jurisdiction for any *legal* or equitable relief that will effectuate his rights. A person who files a civil action under this division is, with respect to the practices complained of, thereby barred from instituting a civil action under section 4101.17 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code." (Emphasis added.)

R.C. 4112.99 provides for "dam-

ages" by the following language: "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." The language of R.C. 4112.02(N) and 4112.99 shows that when the legislature wants to provide legal relief (and hence a right to a jury) in addition to equitable relief, it uses specific language to do so. This language contrasts with that of 4101.17, the section applicable here.

The appellant also argues that a plaintiff with a federal age-discrimination claim is entitled to a jury trial, and that the General Assembly must therefore have intended jury trials for the state claim also. Otherwise, argues appellant, plaintiffs would "bypass Ohio law to obtain a federal jury, a result the General Assembly could hardly have intended." We do not agree. The legislature has clearly expressed its intention by the words used in the statute. Whether or not the Ohio General Assembly may opt to provide such a remedy, we decline to do so.

Because actions for employment discrimination, such as that provided by R.C. 4101.17, did not exist at common law, there is no right to a jury trial under R.C. 4101.17 guaranteed by Section 5, Article I of the Ohio Constitution.

For all of the above reasons, both the trial court and the court of appeals correctly held that the appellant was not entitled to a jury trial in the instant action brought pursuant to R.C. 4101.17.

*Judgment affirmed.*

MOYER, C.J., WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., concur in judgment only.