LINCOLN MANAGEMENT COMPANY, Appellee,

v.

SCRUGGS, Appellant.

[Cite as *Lincoln Mgt. Co. v. Scruggs* (1995), 103 Ohio App.3d 48.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE10–1434.

Decided April 18, 1995.

*Haytcher & Denardo, Paul J. Haytcher* and *Ralph Silverstri, Jr.*, for appellee.

*Spater, Gittes, Schulte & Kolman* and *Alexander M. Spater,* for appellant.

LAZARUS, Judge.

Defendant-appellant, Charlestine E. Scruggs, appeals from a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Lincoln Management Company, on Scruggs's counterclaim for damages under state and federal fair housing laws. Appellant raises the following two assignments of error:

1. "The referee and trial court erred in holding that the defendant-appellant Charlestine Scruggs is not entitled to a jury trial to hear her fair housing counterclaims."

2. "The referee and trial court erred in not holding that the 1992 amendments to O.R.C. § 4112.051 applied to efforts by plaintiff-appellee Lincoln Management Company to evict appellant Charlestine Scruggs after the amendments went into effect."

The present appeal arises out of an action brought by appellee in July 1992 to evict appellant from her apartment at English Village in Whitehall, Ohio. Appellee is the owner and manager of English Village. The appellant counterclaimed that her eviction was racially motivated and that she was entitled to compensatory and punitive damages and attorney fees under state (R.C. 4112.01 *et seq.*) and federal (Section 1982, Title 42, U.S.Code and Section 3601 *et seq.*, Title 42, U.S.Code) fair housing laws. Appellant requested a jury trial on both the eviction action and the counterclaim. Her request was denied, and the case was tried before a referee, who found in favor of appellant on the eviction action and in favor of appellee on the fair housing counterclaim. The only issue on appeal is whether appellant should have been granted a jury trial on her fair housing counterclaim.

This action was filed in July 1992. At that time, R.C. 4112.051 did not expressly provide for trial by jury, although the statute as amended in December 1992 does so provide.[1] Former R.C. 4112.051 provided in relevant part that:

---

1. R.C. 4112.051 provides:

    "(A)(1) Aggrieved persons may enforce the rights granted by division (H) of section 4112.02 of the Revised Code by filing a civil action in the court of common pleas of the county in which the alleged unlawful discriminatory practice occurred within one year after it allegedly occurred. * * *

    "Each party to a civil action under this division has the right to a jury trial of the action. To assert the right, a party shall demand a jury trial in the manner prescribed in the Rules of

"(A) Aggrieved individuals may enforce the rights granted by division (H) of section 4112.02 of the Revised Code by filing civil actions in a court of common pleas within one hundred eighty days after the alleged discrimination occurred. * * *

" * * *

"(D) If the court finds that a violation of division (H) of section 4112.02 of the Revised Code has occurred, the court shall award to the plaintiff actual damages and reasonable attorney fees and court costs, and may grant such relief as it considers appropriate, including a permanent or temporary injunction, temporary restraining order, or other order, and punitive damages of not more than five thousand dollars." 142 Ohio Laws, Part I, 1761, 1776.

The trial court relied on *McIntyre v. N. Ohio Properties* (1979), 64 Ohio App.2d 179, 18 O.O.3d 139, 412 N.E.2d 434, to support its determination that former R.C. 4112.051 did not provide for a jury trial. That court stated in paragraph two of the syllabus as follows:

"Where the provisions of the Ohio Civil Rights Act (R.C. 4112.01 through 4112.99) do not provide for trial by jury in actions brought thereunder, and where such actions were unknown at common law prior to the adoption of the Ohio Constitution, the constitutional provision preserving a right of trial by jury for rights of action existing prior to the adoption of the Constitution is not applicable. * * *"

The holding in *McIntyre,* however, has been eroded by a series of recent Ohio Supreme Court decisions. In *Hoops v. United Tel. Co. of Ohio* (1990), 50 Ohio St.3d 97, 553 N.E.2d 252, the court was called upon to decide whether there was a right to a jury trial in actions brought under one of Ohio's age discrimination statutes, R.C. 4101.17.[2] Under this statute, a prevailing plaintiff could receive

---

Civil Procedure. If a party demands a jury trial in that manner, the civil action shall be tried to a jury.
" * * *

"(D) If the court or the jury in a civil action under this section finds that a violation of division (H) of section 4112.02 of the Revised Code has occurred, the court shall award to the plaintiff or to the complainant or aggrieved person on whose behalf the office of the attorney general commenced or maintained the civil action, whichever is applicable, actual damages, reasonable attorney's fees, court costs incurred in the prosecution of the action, expert witness fees, and other litigation expenses, and may grant other relief that it considers appropriate, including a permanent or temporary injunction, a temporary restraining order, or other order and punitive damages."

2. R.C. 4101.17(B) provides that:

"Any person aged forty or older who is discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction. If the court

equitable relief (reinstatement and back pay), but could not receive money damages. The court in *Hoops* began its analysis by restating the proposition that, in order for there to be an Ohio constitutional right to a jury in a statutory action, either the right must have existed at common law prior to the adoption of the Ohio Constitution, or the statute had to state there was a right to a jury trial. *Id.* at 100–101, 553 N.E.2d at 255–257. That court pointed out that the statute did not specifically grant the right to a jury trial, as the statute states that " '[i]f *the court* finds that an employer has discriminated on the basis of age, *the court* shall order an appropriate remedy.' " (Emphasis *sic.*) *Id.* at 101, 553 N.E.2d at 256.

The court in *Hoops* noted that "R.C. 4101.17 is a statutory proceeding specifically providing equitable relief for which no jury trial is available." *Id.* at 101, 553 N.E.2d at 256. That court then equated legal relief (the right to money damages) with the right to a jury trial, stating, "[W]hen the legislature wants to provide legal relief (and hence a right to a jury) in addition to equitable relief, it uses specific language to do so." *Id.* at 102, 553 N.E.2d at 257. The court used R.C. 4112.99 [3] as an example of such a statute. *Id.*

The next year the Ohio Supreme Court had occasion to take a closer look at R.C. 4112.99 in the case of *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 573 N.E.2d 1056. In *Elek*, the court held that an aggrieved party had the right to initiate an independent civil action pursuant to R.C. 4112.99 for damages or injunctive relief to remedy civil rights violations. The court quoted from *Hoops, supra*, 50 Ohio St.3d at 102, 553 N.E.2d at 257, to indicate that the legislature can use specific language, as in R.C. 4112.02(N) and 4112.99, when it wants to provide for legal relief and therefore a right to a jury trial:

" 'The language of R.C. 4112.02(N) and 4112.99 shows that when the legislature wants to provide legal relief (and hence a right to a jury) in addition to equitable

---

finds that an employer has discriminated on the basis of age, the court shall order an appropriate remedy which shall include reimbursement to him for the costs, including reasonable attorney fees, of the action, or to reinstate the employee in his former position with compensation for lost wages and any lost fringe benefits from the date of the illegal discharge and to reimburse him for the costs, including reasonable attorney fees, of the action. The remedies available under this section are coexistent with remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code; except that any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code."

3. R.C. 4112.99 provides for damages by the following language: "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

relief, it uses specific language to do so. * * * ' " *Elek, supra,* 60 Ohio St.3d at 137, 573 N.E.2d at 1058.

In *Elek,* the court did not specifically hold that a jury trial was available for claims under R.C. 4112.99. Thus, in 1992 the United States District Court for the Northern District of Ohio, Western Division, certified that question to the Ohio Supreme Court in *Taylor v. Natl. Group of Cos., Inc.* (1992), 65 Ohio St.3d 482, 605 N.E.2d 45. The Ohio Supreme Court, citing *Elek,* answered that there was a right to a jury trial in a sex discrimination case brought under R.C. 4112.99, thus effectively overruling at least a portion of *McIntyre, supra.*

Reading these cases together, it appears that the Ohio Supreme Court has affirmatively indicated that there is a constitutional right to a jury trial in Ohio courts for claims brought under statutes that provide for compensatory and punitive damages. The instant case involves a statute that, prior to its amendment, contained language corresponding in some respects to the statutory scheme in *Hoops, supra,* and in other respects to the statute discussed in *Elek, supra.*

R.C. 4112.051, as it existed at the time appellant's claim arose, did not specifically provide for a right to a trial by jury. It did provide that an aggrieved individual could file an action in a court of common pleas, and "[i]f the court finds that a violation of division (H) of section 4112.02 of the Revised Code [which prohibits discrimination in housing] has occurred, the court shall award to the plaintiff actual damages." Former R.C. 4112.051(D). Thus, on the one hand, the language that if the "court" finds a violation it may award damages seems to indicate that the case was to be heard by a judge, while, on the other hand, the language providing for an award of actual damages evinces an intention by the legislature to provide a right to a jury.

We believe that the decisions of the Ohio Supreme Court in *Elek* and *Taylor, supra,* control the outcome of this case, and that the appropriate inquiry is whether the General Assembly has provided for legal relief by inserting a damage remedy into the statute. The Ohio Supreme Court has indicated in both *Hoops* and *Elek, supra,* that there is a right to a jury trial where money damages can be obtained. *Elek,* 60 Ohio St.3d at 137, 573 N.E.2d at 1058–1059; *Hoops,* 50 Ohio St.3d at 102, 553 N.E.2d at 257. Accordingly, we hold that appellant is entitled to a jury trial on her fair housing counterclaim. Appellant has a constitutional right to a jury trial in state court, as her claims were brought under statutes that provide for compensatory and punitive damages.

In addition, we note that appellant brought suit under both R.C. 4112.051 and 4112.99, and, therefore, even if it should later be determined that there is no right to a jury trial under former R.C. 4112.051, the clear holding of *Taylor, supra,* is that appellant is entitled to a jury trial for her claims under R.C. 4112.99. Appellant's first assignment of error is well taken, and, because we are remand-

ing the case on that basis, we find appellant's second assignment of error to be moot.

For these reasons, appellant's first assignment of error is sustained, her second assignment of error is moot, and the judgment of the Franklin County Court of Common Pleas is reversed and the cause is remanded to that court for a jury trial on the counterclaim only, and for such further proceedings as are in accordance with law and consistent with this opinion.

*Judgment reversed*
*and cause remanded*
*with instructions.*

BOWMAN, P.J., and JOHN C. YOUNG, J., concur.