OPINION
Plaintiff-appellant Viola A. Roth appeals the January 13, 1999 Judgment Entry of the Licking County Court of Common Pleas, granting the motion in limine of defendants-appellees Philip Eichhorn and King Thompson/Holzer-Wollam, Inc., and dismissing her complaint pursuant to Civ.R. 50 at the conclusion of appellant's opening statement.
 STATEMENT OF THE FACTS AND CASE
During the late summer/early fall of 1996, appellant decided she would like to move from her home in Columbus, Ohio, to Reynoldsburg, Ohio, in order to be closer to her friend, Pat Fauss; her husband, Jim Johnson; and their children. While visiting Fauss and her family in mid-1997, appellant became aware of the grading of the lots on Yonts Court which are adjacent to her friends' residence, and expressed an interest in purchasing one. At the end of July, 1997, Johnson, who is a dealer for All American Homes, presented appellant with the opportunity to purchase a modular home at a reduced price because the original buyer had rescinded on the deal. On July 21, 1997, appellant met with Eichhorn, a real estate agent affiliated with King Thompson, in order to make an offer on Lot #3 located on Yonts Court (hereinafter "Lot #3"). Eichhorn presented appellant with a Disclosure of Agency Relationship Form, which appellant signed. The disclosure form requires an agent to disclose any number of potential agency relationships which could be created in the future. Eichhorn indicated the following: The same agent who represents you could potentially represent the other party in a transaction involving you. The agent and brokerage would both be DUAL AGENTS. A management level licensee is a dual agent in an in-company transaction.
A different agent in the same brokerage could potentially represent the other party in a transaction involving you. Each agent would represent the interest of their separate client. The brokerage would be a DUAL AGENT.
The form also includes a section captioned, "CONSENT", which specifically provides: BY SIGNING THIS FORM YOU INDICATE YOUR CONSENT TO THE AGENCY RELATIONSHIP DISCLOSED ABOVE. BEFORE YOU CONSENT TO ANY AGENCY RELATIONSHIP, YOU SHOULD FULLY UNDERSTAND THE INFORMATION FOUND ON THE REVERSE SIDE OF THIS FORM. IF YOU DO NOT UNDERSTAND THE INFORMATION CONTAINED ANYWHERE IN THIS FORM, YOU SHOULD CONSULT AN ATTORNEY.
Additionally, appellant signed a Real Estate Purchase Contract through which she offered to purchase Lot #3 for $20,000. The offer was open for acceptance through 12:00 p.m. on July 23, 1997. Eichhorn was unable to contact Roy Yonts, the owner of the lot, prior to the expiration. During the initial meeting with Eichhorn, appellant informed him she was purchasing a house through Johnson, with whom Eichhorn was familiar. Eichhorn did not advise appellant of any deed restrictions on Lot #3. When appellant did not hear from Eichhorn after the expiration of the offer, Johnson contacted the real estate agent to ascertain the status of the offer. Johnson and Eichhorn had several conversations, resulting in Eichhorn's recommendation Johnson contact Yonts directly. Thereafter, Johnson took over the negotiations on Lot #3 for appellant. During the first week of August, 1997, a counteroffer of $28,000 was faxed to Johnson's office. In response to the counteroffer, appellant offered $22,500, which Johnson communicated to Yonts' people. Johnson had several telephone conversations and one in-person meeting with Yonts during which the two discussed the purchase price as well as certain restrictions on Lot #3, including a concrete driveway and a brick facade. Appellant agreed to these conditions and believed she would be purchasing Lot #3 for $22,500. Appellant never signed another purchase contract. Appellant made numerous inquiries about the date of the closing, but she never received a clear answer. On or about Friday, October 3, 1997, appellant observed the start of construction on Lot #3. The following Monday, appellant contacted Eichhorn, who informed appellant he did not know anything about the construction, but assumed Yonts sold Lot #3 to another purchaser. This conversation was the first contact appellant had with Eichhorn since July, 1997. Subsequently, appellant attempted to purchase a different lot on Yonts Court, however, Yonts refused to waive the deed restrictions and would not accept appellant's offer of $22,500. Eventually, appellant purchased a residential building lot on Palmer Road, which is located approximately one-half mile from Lot #3. On January 14, 1998, appellant filed a complaint in the Licking County Court of Common Pleas, naming Eichhorn, Patrick Grabel dba King Thompson Realtors, and Yonts as defendants. On July 14, 1998, appellant filed a Motion for Permission to File Amended Complaint, which the trial court granted. The amended complaint added R J Corporation, the corporate entity selling the Yonts Court lots, as a party. The amended complaint also eliminated Patrick Grabel as a party and substituted King Thompson/Holzer-Wollman, Inc., dba King Thompson Realtors in his stead. Appellant alleged negligence/breach of fiduciary duty and fraud claims against Eichhorn and King Thompson and a detrimental reliance claim against Yonts. On September 9, 1998, appellant filed a notice of partial dismissal, dismissing Yonts and RJ Corporation pursuant to Civ.R. 41. On September 24, 1998, Eichhorn and Thompson filed a Motion for Summary Judgment on each of appellant's claims. The trial court denied the motion, finding a factual dispute existed and the credibility of the parties was at issue. Prior to the trial court's ruling on Eichhorn and King Thompson's motion, the parties entered into a Stipulation filed October 14, 1998, in which appellant dismissed with prejudice the portion of her claims relating to her health condition, or any emotional or physical harm allegedly suffered by her as a result of the acts of Eichhorn and King Thompson. On January 6, 1999, Eichhorn and King Thompson filed a motion in limine seeking to exclude all evidence and testimony appellant intended to offer at trial relating to a comparison between Lot #3 and the Palmer Road lot, including the purchase price of the Palmer Road lot, and the costs appellant incurred in making various improvements to the Palmer Road lot. On the morning of trial, the parties met with the trial court in-chambers to discuss some pretrial matters as well as the court's preliminary ruling on the motion in limine. On the record, the parties waived their rights to a jury trial. The trial court, also on the record, granted the motion in limine, limiting appellant's presentation of damages to the loss of the benefit of her bargain and incidental damages associated with Lot #3. The court found evidence of the expenses associated with the Palmer Road lot were not admissible. The matter proceeded to trial. Appellant's counsel gave her opening statement. The only damages appellant intended to prove were those related to the Palmer Road lot. At the conclusion of appellant's counsel's opening statement, counsel for Eichhorn and King Thompson moved for a directed verdict pursuant to Civ.R. 50, based upon appellant's failure to prove damages beyond those excluded by the court's granting of the motion in limine. The trial court granted the directed verdict, finding the damages set forth in appellant's opening statement were not proper compensatory damages or proper proof of damages for the type of action brought by appellant. Via Judgment Entry dated January 13, 1999, the trial court memorialized its granting of appellees' motion for a directed verdict, and its dismissal of appellant's complaint. It is from this judgment entry appellant appeals, raising the following assignments of error:
 I. THE COURT ERRED IN GRANTING A MOTION IN LIMINE ON THE DAY OF TRIAL TO PRECLUDE PLAINTIFF-APPELLANT FROM PROVING ALL OF HER DAMAGES.
 II. THE COURT ERRED IN DISMISSING PLAINTIFF-APPELLANT'S CASE AT THE CONCLUSION OF PLAINTIFF-APPELLANT'S COUNSEL'S OPENING STATEMENT.
 III. PLAINTIFF-APPELLANT HAD A RIGHT TO PRESENT HER DAMAGES FOR VIOLATION OF OHIO REV. CODE SECTION 4735.51 ET SEQ TO A JURY.
 IV. THE COURT ERRED IN RULING THAT VIOLA ROTH'S DAMAGES WERE NOT COMPENSABLE UNDER OHIO REV. CODE SECTIONS 4735.51 ET SEQ.
 V. VIOLA ROTH HAD A RIGHT TO HAVE A JURY DETERMINE HER DAMAGES UNDER COMMON LAW FRAUD.
 VI. DEFENDANT-APPELLEES HAD ADMITTED VIOLATION OF THE OHIO REVISED CODE, AND PLAINTIFF-APPELLANT HAD A RIGHT TO HAVE A JURY DECIDE WHETHER SHE WAS ENTITLED TO PUNITIVE DAMAGES.
Any other facts relevant to our discussion of appellant's assignments of error shall be contained therein.
 I
In her first assignment of error, appellant maintains the trial court erred in granting Eichhorn and King Thompson's motion in limine, thus precluding her from proving all of her damages. "A motion in limine is a request that the court limit or exclude use of evidence which the movant believes to be improper, and is made in advance of the actual presentation of the evidence to the trier of fact, usually prior to trial." State v. Winston (1991),71 Ohio App.3d 154, 158. Generally, a trial court's ruling on a motion in limine will not be overturned on appeal absent a finding the trial court abused its discretion. O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163. "The term ` abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1988), 5 Ohio St.3d 217, 219
(Citation omitted). It is axiomatic damages must be the natural and proximate result of a tortious act. Compensatory damages "are limited to those injuries or losses which are the natural, proximate, and probable consequences of the wrong complained of." Brothers v. City of Youngstown (1996), 115 Ohio App.3d 498, 506. This "principle necessarily excludes all those consequences of the act which are remote and indirect, and all investigation of losses which are purely speculative." City of Cincinnati v. Evans (1855), 5 Ohio St. 594, 603. Accordingly, we must determine whether appellant presented sufficient evidence to establish compensatory damages for the claims alleged. In the instant action, we presume the evidence of damages appellant intended to present would, in fact, be presented, and we presume those damages would be as stated in her opening statement. See, generally Civ.R. 50(A). Appellant's evidence of damages consisted of a comparison of Lot #3 to the Palmer Road lot. Specifically, appellant established she purchased the Palmer Road lot for $30,500, while Lot #3 sold for $25,000. As such, appellant claims she was damaged $5,500, the amount of money exceeding the contract price of Lot #3. Additionally, appellant asserts she is entitled to damages with respect to the improvements she made on the Palmer Road lot, including the construction of a driveway, the purchase and installation of a drainpipe, the purchase and installation of a tap, and the purchase of a bathroom pump. On the record, the trial court granted appellees' motion in limine, finding appellant "is limited to consequential and incidental damages relating to the loss — — the loss bargain, let's put it that way, the loss of the benefit of her bargain." Transcript of Proceedings, January 13, 1999, at 5. In granting appellees' Civ.R. 50 motion, the trial court further noted, "I believe that to compare the purchase price of the Palmer Road property to the alleged purchase price of Lot Number 3, and including into that the additional expenses as outlined by Ms. Soter [appellant's attorney] for the improvements on the Palmer Road property, is comparing apples and oranges. I do not believe that they are proper compensatory damages or proper proofs of damages in this type of case." Id. at 17. We agree with the trial court appellant's evidence comparing the Palmer Road lot to Lot #3 is comparing apples and oranges. Because each piece of real property is unique, appellant cannot use a comparison of the two lots as a measure of damages. If appellant offered evidence she could have purchased Lot #3 for $25,000, and the actual value of the lot is $50,000, appellant then could establish damages in the amount of $25,000 for the loss of the benefit of the bargain. Additionally, any evidence of expenses appellant may have incurred in her attempt to purchase Lot #3, such as appraisal fees, survey fees, title searches, etc., would be appropriate damages for which she could have recovered. We note the additional expenses appellant incurred in connection with the building of the home on the Palmer Road lot are improvements for which appellant may be compensated when, and if, she sells that property. Because the damages appellees sought to exclude in their motion in limine were not the appropriate measures for damages for the claims appellant asserted in her amended complaint, we find the trial court did not err in granting appellees' motion. Appellant's first assignment of error is overruled.
 II
In her second assignment of error, appellant contends the trial court erred in dismissing her action at the conclusion of her opening statement. Appellant did not address this assignment of error in her brief. App. R. 12(A)(2), provides: (2) The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A).
Pursuant to App. R. 12(A), we shall disregard this assignment of error.
 III, V VI
In her third, fifth, and sixth assignments of error, appellant takes issue with the loss of her right to present various aspects of her case to a jury. As mentioned in our Statement of the Facts and Case supra, appellant explicitly waived a jury trial on the morning of trial. Accordingly, we find appellant has waived any error as to this issue. Appellant's third, fifth, and sixth assignments of error are overruled. IV In her fourth assignment of error, appellant maintains the trial court erred in ruling the damages she sustained were not compensable under R.C. 4735.51, et seq. Specifically, appellant references R.C. 4735.56, R.C.4735.61, R.C. 4735.62, and R.C. 4735.71(D) in support of her assertion Eichhorn and King Thompson violated their statutory duties. Upon review of the plain language of the provisions upon which appellant relies, we find the statute does not create a civil remedy. "The General Assembly is presumed to have known that its designation of a remedy would be construed to exclude other remedies, consistent with the statutory construction maxim of expressio unius est exclusio alterius." Hoops v. United Tel. Co. of Ohio (1990), 50 Ohio St.3d 97, 101. When enacting the aforementioned provisions, which became effective in December, 1996, the General Assembly could have expressly provided for a private right of action, but clearly chose not to in these instances. In contrast, the General Assembly expressly provided for a civil remedy in R.C. 4735.72(F), which provides: A client of a brokerage who is involved in a dual agency relationship may bring an individual action against a brokerage and any licensee who has failed to comply with the procedure described in division (D)(1) of section 4735.71 of the Revised Code to recover actual damages and to rescind an agency agreement with the brokerage.
This language evidences the fact the legislature uses specific language when it wants to provide legal relief for a wronged individual. R.C. Chapter 4735 does, however, provide an aggrieved party with the ability to file a written complaint against a licensed real estate broker with the Ohio Real Estate Commission. The Commission then may investigate the allegations and impose sanctions, if deemed appropriate. See, R.C. 4735.051, 4735.18, and4735.32. Because R.C. 4735 does not create a cause of action for the violations appellant alleges, we find the trial court did not err in ruling appellant's damages were not compensable under R.C.4735.51, et seq. Appellant's fourth assignment of error is overruled.
The judgment entry of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur