OPINION
{¶ 1} This is an appeal from a ruling on a Summary Judgment motion by the Court of Common Pleas, Stark County.
 STATEMENT OF THE FACTS AND CASE {¶ 2} As the material contained under appellant's statement of facts does not comply with Appellate Rule 5.16 other than a brief recitation of the causes of action in the complaint, we shall accept the facts stated in appellee's brief.
 {¶ 3} These facts indicate that appellant was appointed as an auxiliary police officer for the Village of Navarre (Village), an appellee.
 {¶ 4} Appointments to such position are made by the Mayor, subject to confirmation by City Counsel for a one-year term.
 {¶ 5} Mayor Benson (Mayor), appellee, and his wife had an experience with appellant in June, 2000 when, during a parade, appellant confronted them with shouting and hitting the hood of their car with his fists. As a result, the Mayor suggested counseling to appellant if he wished to continue in such auxiliary position. Appellant did not avail himself of any anger management program.
 {¶ 6} It is disputed as to appellant being recommended for reappointment by the police chief for 2001 but the Mayor did not reappoint him.
 {¶ 7} Certain full time police officers were hired during appellant's service as auxiliary policeman, to wit: Montgomery-April 22, 1998, Frascone-July 1, 1999 and Smith-June 13, 2000.
 {¶ 8} Appellant's Complaint was filed February 14, 2002. Count One asserted a common law cause of action for age discrimination, Count Two raises statutory age discrimination (R.C. 4112.02(A)(N) and R.C. 4112.99).
 {¶ 9} Count Three states wrongful retaliatory discharge.
 {¶ 10} Count Four asserts intentional infliction of emotional distress.
 {¶ 11} The sole Assignment of Error is:
 I. {¶ 12} "The common pleas court erred in determining that there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law."
 {¶ 13} Civil Rule 56(C) states, in pertinent part:
 {¶ 14} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 15} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 16} In examining the pleadings, affidavit, depositions and supporting briefs in order to do a de novo review, we must separately examine each of the causes of action.
 {¶ 17} Appellee correctly states that the Ohio Supreme Court in Hoops v. United Telephone Company of Ohio (1990), 50 Ohio St.3d 97 held that actions for employment discrimination did not exist at common law. The sole exception is an action which violates public policy. Greeley v. Miami Valley Maintenance Contractor's Inc. (1990), 49 Ohio St.3d 228. As the first cause of action is based on such common law theory, it necessarily fails, notwithstanding whether a material fact is in dispute as no assertion in the Civ. R. 56 response asserts the exception.
 {¶ 18} Likewise, a determination relative to the second cause of action is one of law rather than of disputed material facts.
 {¶ 19} Revised Code 4112.02(A) and (N) state:
 {¶ 20} "(A) For any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.
 {¶ 21} "* * *
 {¶ 22} "(N) An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate the individual's rights."
 {¶ 23} As to Counts One and Two, appellant was not discharged from employment, and therefore we must examine whether he was not hired for the full time position due to age discrimination. The last person hired to a full time position as a police officer was Officer Smith, hired June 13, 2000. The complaint was filed February 14, 2002. Appellant has not responded with any case supporting a rationale for exceeding the one hundred eighty day window provided by R.C. 4112.02(N). While the Ohio Supreme Court addressed the commencement of such period from date of termination in Oker v. Ameritech Corporation (2000), 89 Ohio St.3d 223, the same applicability would also be applied to the date of hiring another instead of appellant. Therefore, the second cause of action is time barred.
 {¶ 24} The third cause of action is one of retaliatory discharge.
 {¶ 25} This claim differs from Counts One and Two in that it necessarily relates to the non-reappointment of appellant to the auxiliary force at the expiration of his one-year term.
 {¶ 26} The Village Municipal Regulations attached to appellees' Motion for Summary Judgment provides:
 {¶ 27} "34.04 Auxiliary police units.
 {¶ 28} "(A) There is hereby established an auxiliary police unit for the village.
 {¶ 29} "(B) The members of the auxiliary police unit shall be appointed by the mayor with the advice and consent of council.
 {¶ 30} "(C) The term of service of auxiliary police officers shall be a period of time not to exceed one year in length and those officers may be removed at any time at the discretion of the mayor.
 {¶ 31} "(D) The members of the unit shall be not less than 21 years of age at the time of their appointment, nor more than 65 years of age during the term of their office as auxiliary police officers. Any auxiliary police officer reaching the age of 65 years during his term of office shall automatically be removed from the unit."
 {¶ 32} Clearly, under such section, the Mayor has absolute discretion, subject to confirmation by counsel, to appoint or re-appoint to such unit and any appointee could also be removed by the Mayor at any time.
 {¶ 33} Appellant took such employment subject to such provisions with no guarantee of continued employment applicable. The assertions by appellant that the Mayor acted out of a dislike or hostility toward him is immaterial, even if substantiated.
 {¶ 34} While this Third Cause of action speaks of retaliatory discharge, it clearly was a decision not to re-appoint appellant to a new auxiliary term rather than a discharge.
 {¶ 35} Under the Village regulations, the Mayor exercised his discretion not to rehire appellant. Appellant's employment ceased at the expiration of his one year term. The Mayor's concerns over the prior conduct of appellant would have been a sufficient basis for non-reappointment if a reason were necessary, but one was not.
 {¶ 36} Therefore, the third cause of action fails.
 {¶ 37} The fourth cause of action asserts intentional infliction of emotional distress.
 {¶ 38} In Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, the Ohio Supreme Court held that A[o]ne who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress. Id. at syllabus paragraph one. With respect to the requirement that the conduct alleged be extreme and outrageous, the Court explained:
 {¶ 39} "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."
 {¶ 40} Nothing in the record supports the contention that the Mayor, in the exercise of his mayoral authority acted outrageously or beyond the bounds of decency resulting in severe and debilitating impact on appellant. Paugh v. Hanks (1983), 6 Ohio St.3d 72.
 {¶ 41} Therefore, we affirm the trial court's decision and reject the Assignment of Error.
By: Boggins, J.; Gwin, P.J and Wise, J. concur.