{¶ 44} I agree with the majority opinion. Chaszeyka and Suburban clearly violated R.C. 4735.71(B) when it failed to notify Appellants that it was acting as a dual agent. But Appellants are not entitled to recover since they failed to prove that they were damaged by the statutory violation. I write separately to emphasize that this conclusion disagrees with the Fifth District's decision in Roth v. Yonts (Aug. 19, 1999), 5th Dist. No. 99 CA 21.
 {¶ 45} In Roth, the appellate court concluded that R.C.4735.51 et seq. does not create a civil remedy so a violation of those statutes does not give rise to a cause of action. It based its decision upon the statutory construction maxim of expressio unius est exclusio alterius, that the legislature's designation of a remedy would be construed to exclude other remedies. Id., citing Hoops v. United Telephone Co. of Ohio (1990),50 Ohio St.3d 97, 101. To the Fifth District, an aggrieved party's ability to file a written complaint against a licensed real estate broker with the Ohio Real Estate Commission for a violation of these statutes was a remedy since the Commission could impose appropriate sanctions. Accordingly, it concluded that since the aggrieved party had access to this statutory remedy, a violation of those statutes did not give rise to a cause of action.
 {¶ 46} But the ability to file a written complaint with the Ohio Real Estate Commission is not a remedy. The aggrieved party does not benefit from any sanction the Commission may decide to impose upon Chaszeyka and Suburban. If they are fined, then the proceeds go to the real estate recovery fund, not the victim. R.C. 4735.051(H). Likewise, any restriction on the broker's license does not benefit the victim. Since filing a grievance with the Commission is not a remedy, there is no reason why there should not be a civil remedy for a violation of R.C. Chapter 4735.
 {¶ 47} The mere fact that there is a civil remedy does not mean that Appellants can recover. They failed to prove their damages. Accordingly, we must affirm the trial court's decision granting judgment to Chaszeyka and Suburban.